

E. Fontaine Broun, Wilmer & Broun, Henry T. Rathbun, Washington, D. C., R. T. Jackson, Baker, Hostetler & Patterson, Sidney D. L. Jackson, Jr., Cleveland, Ohio, for plaintiff.

Hubert H. Margolies, Bernard Gekoski, Attys., Department of Justice, Washington, D. C., for defendant.

**STATLER et al. v. MOUK et al.**
Civ. A. No. 9646.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1952.

410

E. A. Sefler, Pittsburgh, Pa., for plaintiffs.

Harvey A. Miller (of Miller & Miller), Pittsburgh, Pa., for defendants.

MARSH, District Judge.

This action was instituted by plaintiffs to recover certain parcels of land situate in Somerset County, Pennsylvania, and to which, it is alleged, the defendants wrongfully claim title. The defendants moved to dismiss the complaint and for summary judgment. It is upon these motions that the action is now before the court.

As set forth in the caption of the complaint, this action is brought by "Harold I. Statler and George O. Statler, for themselves, and for and in behalf of all other Beneficiaries of George Statler, Trustee, similarily situated." The complaint alleges that the thirteen surviving heirs of one Daniel Holsopple, deceased, conveyed their interest as heirs to one George Statler, in trust for the use and benefit of themselves. The plaintiffs are two of the named heirs which leaves eleven heirs on behalf of whom the instant suit is brought.

There has been protracted litigation concerning various rights of the parties to the land in question.[1] In Civil Action 5220, in the District Court for the Western District of Pennsylvania, suit was instituted by "George Statler, Trustee." In disposing of the motions to dismiss, the court there held that "by reason of the failure of the plaintiff to join as parties plaintiff the other persons named as beneficiaries in said deed, I conclude that plaintiff has. failed to state a claim upon which relief can be granted to him." It appears to the court that the complaint in the case sub judice is subject to the same defect. Rule 23(a), Federal Rules of Civil Procedure, 28 U.S.C.A., permits class actions to be brought where "persons constituting a class are so numerous as to make it impracticable to bring them all before the court * * *." In 3 Moore's Federal Practice, Second Edition, Page 3422, the author states that a "reading of the cases convinces one that whether a number is so large that it would be impracticable to join all the parties is dependent not upon any arbitrary limit, but rather upon the circumstances surrounding the case; *and there must be a positive showing of such circumstances.*" See also Giordano v. Radio Corporation of America, 3 Cir., 1950, 183 F.2d 558, 561.

It is the opinion of the court that eleven persons are not so numerous as to make it impracticable to bring them into court; nor have the plaintiffs alleged circumstances which would warrant sustaining this suit as a class action. Plaintiffs will be given 30 days in which to amend their complaint so as to include the proper parties in interest or in the alternative to show why the suit is maintainable as a class action under rule 23(a), supra. If the plaintiff fails so to do, the complaint will be dismissed with prejudice.

Defendants contend that the disposition of the prior cases in this court and in the Common Pleas Court of Somerset County, Pennsylvania, are res judicata in the instant case. We have examined the records of this court and the Somerset records insofar as they were made available to us. Our conclusion is that as this record now stands, it is not sufficient to sustain defendants' motion to dismiss on this ground.

1. The following cases were brought in Somerset County: 322 C.D. of 1948; 934 C.D. of 1949; and 358 C.D. of 1950. The following cases were brought in the District Court for the Western District of Pennsylvania: Civil Actions 2195, 2367, 5125 and 5220.