COMMONWEALTH EDISON COMPANY
et al., Plaintiffs-Appellees,

v.

ALLIS–CHALMERS MANUFACTURING
COMPANY et al., Defendants-
Appellees,

and

State of Illinois, Appellant-Applicant for
Intervention.

No. 13904.

United States Court of Appeals
Seventh Circuit.

April 1, 1963.

Lee A. Freeman, Chicago, Ill., William G. Clark, Atty. Gen. of State of Illinois, Chicago, Ill., for appellant-applicant for intervention.

Charles A. Bane, Robert B. Wilcox, Richard E. Powell, John P. Ryan, Jr., Chicago, Ill., Sharon L. King, Washington, D. C., Paul G. Jasper, Plainfield, Ind., Martin R. Paulsen, Milwaukee, Wis., for plaintiff-appellees.

Isham, Lincoln & Beale, Chicago, Ill., George H. Jirgal, Chicago, Ill., for Central Illinois Electric & Gas Co.

Harry E. Witherell, Peoria, Ill., for Central Illinois Light Co.

William B. Waterman, Walter S. Rogowski, Davenport, Iowa, Max Swiren, Neil Flanagin, Chicago, Ill., of counsel, for Iowa-Illinois Gas & Electric Co.

John Paul Stevens, Richard L. McIntire, Rothschild, Hart, Stevens & Barry, Chicago, Ill., for A. B. Chance Co. and Foster Wheeler Corporation.

Edward R. Johnston, Thompson, Raymond, Mayer & Jenner, Chicago, Ill., for Allan Bradley Co., Clark Controller Co., Cutler-Hammer, Inc., Lapp Insulator Co., Inc., McGraw-Edison Co., Ohio Brass Co., and Square D Co.

Holmes Baldridge, John M. Kerwin, Stiefel, Greenberg, Burns & Baldridge, Chicago, Ill., for Allis-Chalmers Mfg. Co.

Earl E. Pollock, Frederic S. Lane, Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, Chicago, Ill., for Cornell-Dubilier Electric Corporation, Federal Pacific Electric Co., Moloney Electric Co. in Nos. 62 C 87, 62 C 88, 62 C 184 and 62 C 188 and Wagner Electric Corporation in Nos. 62 C 87, 62 C 88, 62 C 184 and 62 C 188, Sangamo Electric Company in Nos. 62 C 89 and 62 C 186.

John T. Chadwell, Richard M. Keck, Richard Calkins, John J. McHugh, Chadwell, Keck, Kayser, Ruggles & McLaren, Chicago, Ill., for General Electric Co.

Jacob H. Martin, Sydney G. Craig, Martin Bogot, Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for H. K. Porter Co., Inc.

Charles M. Price, Robert C. Keck, Valentine A. Weber, Jr., MacLeish, Spray, Price & Underwood, Chicago, Ill. for Carrier Corporation and C. H. Wheeler Mfg. Co.

Timothy G. Lowry, Owen Rall, Elroy C. Sandquist, Jr., Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for I-T-E Circuit Breaker Co.

Harold T. Halfpenny, Halfpenny, Hahn & Ryan, Chicago, Ill., for Ingersoll-Rand Co.

Roland D. Whitman, Joseph A. Conerty, Ross, McGowan & O'Keefe, Chicago, Ill., for Joslyn Mfg. & Supply Co. and Porcelain Insulator Corporation.

Lloyd M. McBride, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for Kuhlman Electric Co.

Neil McKay, Winston, Strawn, Smith & Patterson, Chicago, Ill., for Hubbard & Co.

W. Donald McSweeney, John A. Pigott, Dallstream, Schiff, Hardin, Waite & Dorschel, Chicago, Ill., for Moloney Electric Co., Sangamo Electric Co. and Wagner Electric Corporation.

Edward R. Adams, Miller, Gorham, Wescott & Adams, Chicago, Ill., for Southern States, Inc.

Hammond E. Chaffetz, William R. Jentes, George D. Newton, Jr., Melvin R. Goldman, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Westinghouse Electric Corporation.

Brainerd Chapman, Pritchard, Chapman, Pennington, Montgomery & Sloan, Chicago, Ill., for Worthington Corporation.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Among the plaintiffs in eighteen related antitrust suits filed below charging defendants, electrical equipment manufacturers, with conspiracy to fix prices, allocate markets and submit collusive bids, are four public utilities operating in the State of Illinois, namely, Commonwealth Edison Company, Central Illinois Electric and Gas Co., Central Illinois Light Company and Iowa-Illinois Gas and Electric Company. (These four Illinois public utilities will hereinafter be referred to as plaintiffs). Plaintiffs serve some 2,500,000 consumers with electric light and power.

The district court's original jurisdiction was invoked under Section 1 of the Sherman Act and Sections 4, and 5(b) of the Clayton Act (15 U.S.C. §§ 1, 15, and 16(b)). The effect of these price fixing conspiracies, it is alleged, was the creation of "high and artificial levels" of

prices for the electrical equipment purchased by plaintiffs. All of these cases arise out of the so-called Philadelphia Electrical Conspiracy Cases.

The Attorney General of Illinois seeks to intervene in these proceedings for the State of Illinois. Intervention is sought as of right in order to represent and protect the interests of the public consumers of plaintiffs who it is claimed were injured by defendants' price fixing conspiracies in that plaintiffs were caused to pay high and artificial prices for electrical equipment used in its utility operations, which excessive prices were in turn collected from the public consumers through higher utility rates.

The State of Illinois in support of its motion for intervention urges that it has in behalf of the public consumers a direct interest in the recoveries which may be realized in these proceedings and that its participation is necessary to effectuate a proper and equitable distribution among the injured parties of any monies or fund so recovered. It is further urged that, "The representation of this public interest by existing parties may be inadequate and the applicant may be bound by a judgment or order in the action."

Permissively, the Attorney General seeks to intervene on behalf of state agencies and institutions which have made purchases from defendants of the involved electrical equipment during the period of the conspiracy. It is alleged that the claims arising from these purchases present questions of law and fact which are common to the main action.

Both plaintiffs and defendants oppose the motion of the State of Illinois to intervene.

The district court denied the State's application for intervention both as of right and permissively. The district judge's memorandum stating his reasons for the ruling appears in 207 F.Supp. 252.

This appeal was taken in the first of these eighteen related cases under a stipulation among the parties that this court's determination in this appeal shall govern the matter of intervention by the State of Illinois in all of the related cases.

## I. INTERVENTION AS OF RIGHT.

We agree that the district judge was correct in not allowing the State of Illinois by its Attorney General to intervene in behalf of the consumers of the four public utility plaintiffs; we reach that result, however, for a different reason.

The primary essential element that must exist for an applicant to intervene in a pending action as of right under Rule 24(a) Fed.R.Civ.P. is that he have a direct personal or pecuniary interest in the subject of the litigation; in this, the mandatory provisions differ from the permissive under Rule 24(b) Fed.R.Civ.P. See Securities & Exchange Comm'n. v. United States Realty Co., 310 U.S. 434, 459, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940). All other essential elements, i. e., "representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action" (Rule 24(a) (2)), as well as "the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court * *." (Rule 24(a) (3)), are secondary to the existence of a direct personal or pecuniary interest in the subject of the litigation by the applicant for intervention as of right.

We hold that the State of Illinois as agent or *parens patriae* of the consumers (accepting arguendo that the State of Illinois can properly assume such role) or even the consumers themselves do not have any direct personal or pecuniary interest in these antitrust actions. Our holding renders moot any discussion of the existence of the subsumed secondary elements. The rationale for our holding follows.

The interests of plaintiffs and the consumers are different and arise from separate though related operative facts. The legal interest of plaintiffs which they are attempting to vindicate in these actions arises under the federal antitrust

statutes. The damages, if any, to which they are entitled are measured by the hurt they may have suffered by reason of the alleged conspiracies claimed to be violative of the antitrust laws. That hurt is measured by the excessive prices they claim were paid for equipment purchased from defendants. The alleged conspiracies spent themselves on these purchasers. The aftereffects of the hurt on the consumers are consequential and too remote for the consumers to gain rights against the conspirators.

The consumers' rights, if any, to reparation for their consequential hurt arise from higher rates and charges for services provided by plaintiffs. That is the proximate cause of their injury, not the antitrust violation. See Keogh v. C. & N. W. Ry. Co., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183 (1922). The consumers' rights do not penetrate through to the antitrust conspiracies.

To put it differently, the question whether the State of Illinois, in behalf of the consumers, can as of right intervene may be answered by posing another question which underlies and is vital to the first. The underlying question is: Could the State of Illinois bring a direct action against defendants? The answer is "no", because there was no direct proximate impact of the conspiracies on the consumers. The impact on them was remote and took the shape of allegedly higher rates paid for utility services—rates established as legal by the Illinois Commerce Commission. Although these rates may be determined to have been unreasonable because of conspiratorially fixed equipment costs which went into the basic rate structure, that is another issue not cognizable in these antitrust actions.

We do not feel called upon to determine whether such issue embraces legally vindicable rights possessed by the consumers or what means of recovery, if any, should be pursued. All we are deciding is that the consumers' rights may not be asserted in these antitrust actions.

The State of Illinois, by asking to intervene in behalf of the consumers, is in effect attempting under the guise of intervention to substitute itself in the role of protector of the consumers' interests for plaintiffs, in part at least, as the aggrieved party in these antitrust actions; or what seems more likely, is tendering a collateral issue having it genesis outside the antitrust laws.

In either event, the asserted mutuality of antitrust interest is lacking; hence, the State of Illinois fails to satisfy the mandatory intervention prerequisites of Rule 24 Fed.R.Civ.P.

## II. PERMISSIVE INTERVENTION.

We find no abuse of discretion in the district court's denial of the State of Illinois' motion for permissive intervention as a purchaser of defendants' products that has suffered damage by reason of the alleged conspiracies. In support of its motion to intervene, the State claims common issues of law and fact. As stated by the district judge in his memorandum, "While it is apparent that the State's claim as to the issue of the conspiracy will present questions of law and fact in common with the main actions, this is not true as to the question of damages."

The State may start an independent action against defendants if it chooses. At that time the district court may decide in its sound discretion whether the State's action should be consolidated for trial with the pending actions.

The order denying the motion of the State of Illinois to intervene as a party plaintiff, both as of right and permissively, is affirmed.