**PUBLIC UTILITY DISTRICT NO. 1 OF CHELAN COUNTY, WASHINGTON, a Municipal corporation, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Westinghouse Electric Corporation, Allis-Chalmers Manufacturing Company, Defendants.**

**Civ. A. No. 5271.**

United States District Court
W. D. Washington, N. D.
March 9, 1964.

William H. Ferguson, Seattle, Wash., for plaintiff.

Robert W. Graham, Bogle, Bogle & Gates, Seattle, Wash., for General Electric.

W. R. McKelvy, Skeel, McKelvy, Henke, Evenson & Uhlmann, Seattle, Wash., for Westinghouse.

Payne Karr, Karr, Tuttle, Campbell, Koch & Granberg, Seattle, Wash., for Allis-Chalmers.

BOLDT, District Judge.

Plaintiff's motion to strike defendants' interrogatories, Set No. 1 and Supplemental, has been fully briefed, argued and considered by the Court. The inter- rogatories in Set No. 1 are substantially similar to those filed by defendants in the Northern District of Illinois, the Southern District of New York and vari- ous other district courts. They inquire as to whether any part of the alleged excessive prices charged for electrical equipment by defendants has been or will be passed on to consumers of elec- tric energy through Chelan's rate sched- ules. The Supplemental interrogatories pertain to whether certain consumers of electric energy produced by Chelan have or will absorb part of the alleged exces- sive prices for electrical equipment.

It has not been suggested in defend- ants' brief or argument that any of the Set No. 1 or Supplemental interroga- tories are proposed for any purpose other than to develop information as a basis for asserting a defense based on the so- called "pass on" theory. Application of that theory in cases arising out of the same alleged price fixing conspiracies on which the claims in the Chelan case are based has been thoroughly considered and determined by two learned and ex- perienced judges both intimately familiar with the electrical industry litigation, in Commonwealth Edison Co. v. Allis-Chal- mers Mfg. Co., United States District Court, Northern District of Illinois, Eastern Division, 225 F.Supp. 332; and in Atlantic City Electric Co. v. General Electric Co., United States District Court, Southern District of New York, 226 F.Supp. 59 and Related Cases. The factual and legal bases upon which the motion before this court must be decided are precisely, fully and correctly stated by Judges Robson and Feinberg in the cited decisions and are hereby approved and reaffirmed in all particulars as be- ing completely in accord with my views.

All facts recited in the Commonwealth Edison and Atlantic City opinions relat- ing to applicability of the pass on doc- trine have counterparts in the Chelan case. However, Chelan is a publicly own- ed municipal corporation under legal ob- ligations and requirements noted later herein, whereas plaintiffs in the cited cases were privately owned corporations

engaged in the electric utility business. All of the legal issues in the cited cases are identical with those now before this court, although in ruling this court must give special consideration to decisions of the Ninth Circuit Court while in Consolidated Edison and Atlantic City appellate decisions of the Seventh and Second Circuits were entitled to special attention.

The qualifications referred to have been given full study by this court and each will be discussed briefly.

■■ Chelan is a public agency created pursuant to the Public Utility District Laws of the State of Washington. R.C.W. Chapter 54. It is authorized to generate and distribute electric energy to consumers in the State of Washington under conditions specified by law. Charges for electricity supplied consumers by Chelan are determined by its publicly elected commissioners. Under the law the rates fixed must be such that Chelan will collect a sufficient amount to cover its entire expenditures, including payments on obligations for capital expenditures and costs of operation and maintenance. R.C.W. 54.24.080. In developing rate schedules the Commissioners necessarily must take into consideration depreciation of capital assets. By rates in part based on the cost of capital assets depreciated over the useful life thereof, presumably Chelan eventually will recover the entire amount of its capital expenditures. For present purposes it will be assumed Chelan through its rates probably has or will pass to consumers the alleged excessive and unlawful prices charged by defendants for electrical equipment purchased by Chelan. By the same method and under requirement of state law, the whole of any net recovery of damages from defendants in this action will be passed on and inure to the financial benefit of Chelan's customers. Carstens v. P. U. D. No. 1, 8 Wash.2d 136, 111 P.2d 583; Uhler v. Olympia, 87 Wash. 1, 151 P. 117, 152 P. 998. Any possible retention by Chelan of any part of a net recovery realized from a damage award in this case will be the property of a public agency as in Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906). Except for sale or exchange of used and obsolete equipment items and the like, Chelan is not authorized by law to engage in the manufacture, distribution or sale of electrical equipment.

For the purposes of the motion under consideration, plaintiff concedes that in the manner above recited Chelan has, or will, pass on to consumers any and all of the alleged overcharges for which recovery is sought, but contends that under the circumstances above recited the "pass on" theory of defense is not available to defendants in whole or in part. Defendants contend that whatever may have been held in other circuits as to the "pass on" doctrine, it is applicable to the instant case under the decision of the Court of Appeals for the Ninth Circuit in Wolfe v. National Lead Co., 225 F.2d 427 (9th Cir.), cert. den. 350 U.S. 915, 76 S.Ct. 198, 100 L.Ed. 802 (1955). Plaintiff cites Flintkote Co. v. Lysford, 246 F.2d 368, 398 (9th Cir.), cert. den. 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957) and Lessig v. Tidewater Oil Co., United States Court of Appeals (9th Cir.) 327 F.2d 459, as indicating the distinction between Wolfe and the Chelan case. No other appellate "pass on" decisions in this circuit have been cited or found.

In my considered opinion the "pass on" theory of defense which defendants' interrogatories are designed to explore and support is not available in any respect to the claims of Chelan in this case and Wolfe is not direct or inferential authority to the contrary. Neither Flintkote nor Lessig approaches direct application to the instant case. Each of the Ninth Circuit cases involves peculiar facts wholly unrelated to those of the Chelan case. The language in the Wolfe opinion upon which defendant relies clearly and unquestionably was unnecessary to decision of that case. In my opinion any use of that language as authority should and will be limited to facts identical or

reasonably similar to those before the court in the Wolfe case. At very most, all three of the cases referred to merely indicate that in this circuit the "pass on" doctrine is applicable when a purchaser of products passes to his customers the whole of unlawful overcharges he has paid and, without suffering injury to business or property, he seeks to recover and retain for his own uses and purposes the "windfall" of a treble damage award.

As the terms "consumer" and "middleman" are used in decisions dealing with the "pass on" doctrine,[1] it is indisputable that Chelan is a consumer of electrical equipment and not a middleman with respect thereof in any sense or degree. By law Chelan must pass on to its rate payers both any unlawfully excessive prices paid for equipment *and* any recovery of damages therefor. In all probability Chelan customers are without remedy if defendants have unlawfully imposed financial injury on them unless Chelan can assert a remedy for them in this action.[2] In the circumstances of this case, to permit assertion of the "pass on" defense by defendants would reward them with the fruits of their alleged illegal conspiracies and preclude recovery for the benefit of those ultimately injured by defendants' misconduct. It is incredible that such subversion of the purpose and intent of the antitrust laws will ever be permitted in this or any circuit or be sanctioned by the Supreme Court of the United States.

Assuming this order "involves a controlling question of law as to which there is substantial ground for difference of opinion" under the circumstances of this particular case in good conscience I cannot certify to having the opinion "an

immediate appeal from the order may materially advance the ultimate determination of the litigation" as required for interlocutory appeal under 28 U.S.C. § 1292(b).

The motion to strike both Set No. 1 and Supplemental interrogatories of defendants above referred to hereby is granted. Exception allowed.

---

1. Hanover Shoe, Inc. v. United Shoe Machinery Corp., 185 F.Supp. 826 (M.D. Pa.1960) ; Freedman v. Philadelphia Terminals Auction Co., 301 F.2d 830 (3rd Cir. 1962) ; Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., supra; See also, Note, The "Pass-On" Defense and Regulated Public Utilities, 110 U.Pa.L.Rev. 1118, 1127 (1962).

2. See, Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 207 F.Supp. 252 (N.D.Ill.1962), aff'd 315 F.2d 564 (7th Cir. 1963) ; Philadelphia Elec. Co. v. Westinghouse Elec. Corp., District Court for Eastern District of Pennsylvania; oral opinion quoted in part and aff'd on other grounds, 308 F.2d 856, 858 (3rd Cir. 1962), cert. den. 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767 (1963).