AUTOMATIC RADIO MFG. CO., Inc.,
and
Automatic Radio Sales, Inc., Plaintiffs,

v.

FORD MOTOR COMPANY,
Defendant.

Civ. A. No. 63-387.

United States District Court
D. Massachusetts.

May 28, 1964.

Roger P. Stokey, Walter B. Comegys Jr., Boston, Mass., for plaintiff.

Claude R. Branch, Conrad W. Oberdorfer, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action for treble damages under the antitrust laws in which the complaint alleges violations of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act (15 U.S.C. §§ 1, 2 and 14).

The defendant (Ford) has moved for summary judgment in respect of all claims alleged in the amended complaint, in accordance with Rule 56(b) and (c) of the Federal Rules of Civil Procedure, upon the ground that the plaintiffs have no standing to maintain this action. In support of its motion the defendant relies in part upon plaintiffs' response to request for admissions and in part on affidavits of John M. Hall, of counsel for defendant, and J. M. McBride, Assistant Comptroller of defendant, as well as on certain allegations of the complaint. The defendant contends that it is entitled to such judgment as matter of law because, it says, the plaintiffs have not been and are not persons injured in their business or property within the meaning of Section 4 of the Clayton Act (15 U.S.C. § 15), by any alleged violation of the antitrust laws by the defendant. The motion is based upon claims by defendant that plaintiffs could not have been directly injured because the plaintiffs and the defendant are not and have not been competitors since they sell to different classes of customers.

The plaintiffs are Massachusetts corporations engaged in the business of manufacturing and assembling (Automatic Radio Mfg. Co. Inc.), and selling (Automatic Radio Sales, Inc.) car radios, including car radios specially engineered and adapted for installation in automobiles manufactured by the defendant. The defendant Ford is a Delaware corporation engaged in the business of manu-

facturing and assembling and selling automobiles, and it also sells radios for them. It buys car radios from Bendix Corporation and Motorola, Inc. and sells and ships substantial quantities of them in interstate commerce.

Car radios manufactured and assembled by the plaintiff Automatic Radio Mfg. Co. Inc. are shipped from its warehouse to distributors throughout the United States for sale to Ford dealers and others.

The plaintiffs do not sell and have not sold radios to the defendant's customers, its franchised dealers; and the defendant does not sell and has not sold radios to any of the distributors or other customers of the plaintiffs.

In paragraphs 10 through 16 the complaint alleges certain violations of Sections 1 and 2 of the Sherman Act and of Section 3 of the Clayton Act. The allegations are that through inducement and coercive devices imposed on its authorized dealers by Ford, the product of the plaintiff is being excluded from a portion of the market. The complaint alleges in paragraph 18 that plaintiffs were and are directly injured in their business by reason of the violations of the antitrust laws by the defendant.

Basically, the defendant urges that plaintiffs lack standing to maintain this action because they are not directly injured by the alleged violations of the antitrust laws. The defendant reasons that the plaintiffs cannot be found to be directly injured because the parties are not in direct competition with each other inasmuch as they have sold and sell at different levels of the market. Defendant's principal reliance is placed upon the decision of this court in Snow Crest Beverages, Inc. v. Recipe Foods, Inc., 147 F.Supp. 907, 909 (D.Mass.1956), a case in which Judge Wyzanski ruled that a plaintiff whose business consisted solely of the manufacture and sale of extracts which were used as a major ingredient in the manufacture of beverage syrup was not in competition with a defendant which manufactured and sold syrup, and that consequently that plaintiff, whose extracts did not compete with the defendant's syrup, was not a person injured in its business or property within the meaning of Section 4 of the Clayton Act.

Judge Wyzanski likened the situation of the plaintiff in Snow Crest to other would-be plaintiffs previously denied standing to sue under Section 4 of the Clayton Act, such as a landlord of a competitor allegedly injured by the defendant, Melrose Realty Co. v. Loew's Inc., 234 F.2d 518 (3 Cir.1956); a patent licensor who would have received royalties from one of the defendant's competitors allegedly injured by the defendant's violations of the antitrust laws, Productive Inventions, Inc. v. Trico Products Corp., 224 F.2d 678 (2 Cir. 1955); employees of an injured competitor, Corey v. Boston Ice Co., 207 F. 465 (D.Mass.1913). For more recent applications of this doctrine see Walker Distributing Co. v. Lucky Lager Brewing Co., 323 F.2d 1 (9 Cir.1963), and Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 315 F.2d 564 (7 Cir.1963).

The instant case, unlike the Snow Crest case, involves a fact situation where both plaintiffs and defendant sell the same finished product, automobile radios. It is undisputed that the defendant sells car radios to its authorized Ford dealers and that the plaintiffs have never sold directly to any of defendant's authorized Ford dealers. It is equally undisputed that plaintiffs sell car radios through approximately fifty authorized distributors who in turn sell and attempt to sell car radios to defendant's authorized Ford dealers, and it is undisputed that defendant has never sold or attempted to sell car radios to any of plaintiffs' fifty authorized distributors. Finally, it is obvious from the pleadings that the ultimate objective of both the plaintiffs and the defendant is to sell as many car radios as possible.

Having in mind the recent admonition of the Supreme Court that summary judgment procedure should be utilized very sparingly in antitrust cases, Poller v. Columbia Broadcasting System, 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed. 2d 458 (1961), it cannot be ruled herein as a matter of law that plaintiffs and defendant are not in competition with each other. While the pleadings in this case are susceptible of an interpretation that plaintiffs and defendant are not in competition with each other in the first instance, due to the fact that plaintiff sells through distributors while defendant sells through authorized dealers, I rule that there remain issues of material fact to be determined by a trial by jury, namely, whether plaintiffs and defendant are in competition with each other for a portion of the car-radio market, and whether plaintiffs have been injured in their business or property by any alleged violations of the antitrust laws by the defendant, and if so the extent of damages suffered by plaintiffs.

The motion for summary judgment is denied.