Julius LIPSETT and Betty Lipsett and Myron L. Chase and Sylvia L. Chase, on behalf of themselves and all other similarly situated option holding employees of Ogden Corporation or its subsidiaries, Plaintiffs,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

May 7, 1965.

Holtzmann, Wise & Shepard, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for defendant.

CANNELLA, District Judge.

Motion by eleven (11) petitioners, pursuant to Rule 24(b) (2) of the Federal Rules of Civil Procedure for an order permitting them to intervene in the above entitled action, is denied.

The action by the named plaintiffs seeks a refund of federal income taxes paid as a result of deficiencies asserted by the Internal Revenue Service. The action is brought in accordance with 28 U.S.C. § 1346(a) (1). Both the named plaintiffs and the petitioners were holders of stock options in Ogden Corporation, in which they were all employees. On May 2, 1956 Ogden Corporation purchased all the outstanding stock of several other corporations. Ogden decided to dispose of these companies to a corporation which was to be formed and would be known as Syntex Corporation. All of the stock of Syntex was to be subscribed for by Ogden stockholders.

On February 26, 1957, the Treasury Department, pursuant to request, made a ruling concerning the plan detailed above. In substance it stated that the execution of the plan would not subject the stockholders to any federal income taxes. Once the plan was put into operation, holders of stock options in Ogden were given the same rights as holders of outstanding shares.

The Internal Revenue Service ruled that the option holders, as distinguished from holders of outstanding shares, realized ordinary income as a result of their subscription for Syntex stock. As

noted above, the plaintiffs here and these petitioners were option holders and thus affected by the ruling. The plaintiffs and the petitioners paid the stated deficiencies and have filed claims for refunds. The claims have either been disallowed or the statutory period required to elapse before starting suit has passed. See § 6532 of the Internal Revenue Code of 1954. The named plaintiffs are residents of the Southern District of New York while the petitioners reside in diverse areas of the country, including Pennsylvania, California and Alabama.

The motion to intervene under Rule 24(b) (2) is predicated upon the contention that the suit as originally brought is a spurious class action. Cf. Rule 23(a) (3). A spurious class action does not bind parties who do not intervene as is the case in either a true or hybrid class action and is in essence a device for permissive joinder. See Schatte v. International Alliance, 183 F.2d 685 (9th Cir. 1950). See also 3 Moore's Federal Practice, ¶23.07(1) at p. 3426. Although its designation may be deceiving, a class must exist as a prime requisite for the institution and maintenance of a spurious class action. 3 Moore's Federal Practice, ¶23.04 at p. 3418.

Before any consideration of whether the numerical group in the instant case constitutes a class, the primary determination is how many potential plaintiffs are to be considered. Both the named plaintiffs and the proposed intervenors would have the court calculate the class on the basis of the 94 former option holders of Ogden stock. The argument goes that since all 94 were similarly situated and all have been assessed tax deficiencies for the exchange of the stock, all must be considered as possible plaintiffs for purposes of determining the class.

It should be noted at the outset that certain conditions must be present before any action may be maintained against the United States for refund of taxes paid. 10 Mertens Law of Federal Taxation, § 58A.05. The United States as a sovereign is immune from suit and may not be sued without its consent. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Although the immunity has been waived for purposes of tax refund actions, the waiver is not general and certain conditions have been imposed before the action may be maintained. "No suit can be maintained against the sovereign unless it is strictly within the terms of the statute under which the sovereign has consented to be sued." 10 Mertens Law of Federal Taxation, § 58A.02, at p. 5. See United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598 (1931); Tucker v. Alexander, 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927); Hammond-Knowlton v. United States, 121 F.2d 192 (2d Cir. 1941), cert. denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555 (1941).

The requirements for a suit of this kind in substance provide that a proper claim for a refund be timely filed and that the claim be disallowed or the statutory period elapse before suit is brought. The action prosecuted must be brought thereafter within the applicable statute of limitations upon the grounds asserted in the original claim filed. See 10 Mertens Law of Federal Taxation, § 58A.05, p. 19 et seq. and cases cited in footnotes 41–46. A further condition has also been added, to wit, that the taxpayer must prove he is equitably entitled to a return of money from the United States, i. e., the doctrine of equitable recoupment. Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); See Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946); 10 Mertens Law of Federal Taxation, § 58A.05 at p. 24. This detailing of conditions precedent to the maintenance of a tax refund action is made to indicate that this court cannot labor under the assumption that persons other than the named plain-

**552**

tiffs and the proposed intervenors have complied with the requirements. A failure to comply with any of the requirements is a jurisdictional defect which cannot be waived. See Korn v. United States, 64–1 U.S.T.C. ¶9406 (S.D.N.Y. 1964); Grandeur Building, Inc. v. Jarecki, 92 F.Supp. 867 (N.D.Ill.1950); Melchior v. United States, 145 F.Supp. 193, 136 Ct.Cl. 483 (1956). See also, 10 Mertens Law of Federal Taxation, § 58A.06 pp. 29–30.

 Since the court cannot speculate whether any other option holders are jurisdictionally capable of bringing a tax refund action on this claim, only the persons before the court on this motion and the named plaintiffs may be considered as members of a class for purposes of Rule 23(a) (3). This would leave only fourteen (14) persons as potential plaintiffs, a number clearly insufficient for the existence of a class. See Phillips v. Sherman, 197 F.Supp. 866 (N.D.N.Y.1961). See also, Giordano v. Radio Corp. of America, 183 F.2d 558 (3d Cir. 1950); Coffman v. City of Wichita, 165 F.Supp. 765 (D.Kan.1958), aff'd 261 F.2d 112 (10th Cir. 1958); Dawley v. City of Norfolk, 159 F.Supp. 642 (E.D.Va.1958), aff'd 260 F.2d 647 (4th Cir. 1958), cert. denied 359 U.S. 935, 79 S.Ct. 650, 3 L.Ed.2d 636 (1959); Statler v. Mock, 12 F.R.D. 409 (W.D.Pa. 1952); 2 Barron & Holtzoff Federal Practice and Procedure, § 562.4. Although the impracticality of bringing possible plaintiffs before the court must be considered (Phillips v. Sherman, supra), no case discovered by the court nor indicated by the parties has held that a group of this size is sufficient in any event. The sought intervention must initially fall as based upon the theory that the within suit is a spurious class action.

 Although the non-existence of a class prevents use of Rule 23(a) (3) in the instant case, mention should briefly be made of the possibility of permissive joinder under Rule 20. See 2 Barron & Holtzoff Federal Practice and Procedure, § 562.3. While no comment need be made on the substantive merit of such joinder, suffice it to say that the requirements of venue in an action against the United States prevent its full and complete use here. 28 U.S.C. § 1402(a) (1).

 Despite the fact that the movants seek to intervene on the basis that a spurious class action exists, its non-existence does not work an automatic denial of the motion. Although Rule 24 permits intervention if there is a common question of law or fact (Rule 24(b) (2)), this issue need not be discussed. Even assuming that the common question exists, intervention does not lie in this action as a matter of right. Cf. Rule 24(a). A motion under Rule 24 is addressed to the sound discretion of the court and certain guidelines are laid out: "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice *the adjudication of the rights of the original parties.*" While recognizing that intervention should be liberally permitted (3 Moore's Federal Practice, ¶23.12 at p. 3474), in the context of this case, the granting of the requested relief will run contrary to the very purpose of the rule.

 The nature of a tax refund action displays the improvidence of the use of intervention here. Since a tax refund action involves in effect a re-audit of the individual taxpayer's return for the time period in question (See Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932)), and not merely the ground on which the refund is sought, what would be tried were the relief granted, would be a composite action adjudicating the validity of each item on fourteen different returns. It is difficult to conceive of a situation where the original action would be more hindered than in such a chaotic suit. The inclusion of twelve extra claims would seriously delay a determination

of the rights of the original parties. The addition of collateral matters necessarily attendant to the trial of the movants' claims is sufficient ground for the denial of the motion. See Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 315 F.2d 564 (7th Cir. 1963), cert. denied, Illinois v. Commonwealth Edison Co., 375 U.S. 834, 84 S.Ct. 64, 11 L.Ed.2d 64 (1963); 4 Moore's Federal Practice, ¶24.10, p. 63. The resulting burden on both the parties and the court involved in a conglomerate refund action warrants the exercise of the court's discretion here in refusing the requested relief.

The motion is denied. All allegations in the pleadings designating this action as one brought on behalf of a class shall be stricken.

Settle an order.