**STATE OF MISSOURI and State Highway Commission of Missouri,**
Plaintiffs,

v.

**STUPP BROS. BRIDGE & IRON CO.**
et al., Defendants.

No. 142771–1.

United States District Court
W. D. Missouri, W. D.

Jan. 10, 1966.

Norman H. Anderson, Atty. Gen., State of Missouri, Jefferson City, Mo., James C. Wilson, Kansas City, Mo., for plaintiffs.

Brown, Douglas & Brown, St. Joseph, Mo., for St. Joseph Structural Steel Co.

Spencer, Fane, Britt & Browne, Kansas City, Mo., for K. C. Structural Steel Co.

Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Havens Structural Steel Co.

E. C. Hartman, R. H. McRoberts, Stuart Symington, Jr., St. Louis, Mo., Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Stupp Bros. Bridge & Iron Co.

F. Russell Millin, U. S. Atty., and Calvin K. Hamilton, Asst. U. S. Atty., for the Government.

JOHN W. OLIVER, District Judge.

Defendants filed joint motions praying that our order of November 22, 1965 be certified for interlocutory appeal to the Court of Appeals pursuant to Section 1292(b), Title 28, United States Code.

Defendants suggest that our order of November 22, 1965 presents a classic case for the application of Section 1292(b); that there is substantial ground for difference of opinion in regard to three questions of law involved in our order denying defendants' motions for summary judgment; and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. We do not agree for reasons we shall state in some detail.

Defendants do not cite a single case involving Section 1292(b) in support of what amounts to a request for certification. Under the particular circumstances presented by this case, the questions presented by our ruling of defendants' motions for summary judgment cannot be said to be controlling questions unless all of defendants' separate theories, both factual and legal, rejected as untenable in our memorandum opinion of November 22, 1965 are accepted in totality.

It is further apparent that defendants would have us predicate the required finding that "a substantial ground for difference of opinion" exists on the basis of defendants' disagreement with our decision, as distinguished from a difference of judicial opinion expressed by some other court or courts.

And, finally, defendants' argument that an immediate appeal "may materially advance the termination of the litigation" rests upon the assumption that defendants are certain that our adverse determination of defendants' motions for summary judgment cannot be sustained.

The increasing frequency with which requests for Section 1292(b) certifications are being requested suggests that we set forth the principles we believe control the exercise of the discretion vested in a District Court by that statute.

Di Bella v. United States, 369 U.S. 121, at 124, 82 S.Ct. 654, at 656, 7 L.Ed.2d 614 (1962), teaches that "[t]he general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of *nisi prius* proceedings await their termination by final judgment." That case noted that Congress has from time to time recognized the need of exceptions that would permit interlocutory appeals in particular cases and added that the passage of Section 1292(b) was the most recent example creating such an exception.

That case, however, made clear that "[d]espite these statutory exceptions to, and judicial constructions of, the requirement of finality, 'the final judgment rule is the dominant rule in federal appellate practice.' 6 Moore, Federal Practice (2d ed. 1953) 113." Andrews v. United States, 373 U.S. 334, at 340, 83 S.Ct. 1236, at 1240, 10 L.Ed.2d 383 (1963), in not dissimilar manner, recognized that "[t]he long-established rule against piecemeal appeals in federal cases and the overriding policy considerations upon which that rule is founded have been repeatedly emphasized by this Court." See also Brandt v. Renfield Importers, Ltd., 8 Cir. 1959, 269 F.2d 14, at 16, and compare Evans Electrical Const. Co. v. McManus, 8 Cir. 1964, 338 F.2d 952.

■ The point of beginning, therefore, is recognition that Section 1292(b) involves a Congressional exception to the long established and dominant rule against piecemeal appeals in federal appellate practice.

The legislative history of Section 1292(b), its construction by both circuit and district courts, and the actual operational experience of the statute since its 1958 enactment were fully and carefully reviewed by Judge M. C. Matthes at the 1962 Eighth Circuit Judicial Conference. His remarks are published in 11 Nebraska State Bar Journal No. 4 (October 1962) 125.

Examination of the subsequent cases and of later Annual Reports of the Director of the Administrative Office of the United States Courts demonstrates that the pattern established by 1958–1962 experience described by Judge Matthes has been substantially the same since that time. A total of 171 applications were filed in 1963 and 1964 and only 89 were allowed by all eleven Courts of Appeals. The figures for 1958 to 1962, and the significance to be attached to those figures, will be stated below.

Judge Matthes reviewed the full historical background of Section 1292(b), both in the Judicial Conference of the United States and in the Congress. He then stated that:

The legislative history makes it compellingly clear that § 1292(b) was designed and meant to have limited application.

In addition to directing attention to Dearborn Stove Co. v. Farmers Union Coop. Gas & Oil Co., 8 Cir. 1962, 304 F.2d 273, then most recently decided, for the purpose of shedding light on the view of the Court of Appeals for the Eighth Circuit, Judge Matthes focused the attention of the members of the Eighth Circuit Conference on the 1953 warning given by the United States Judicial Conference Committee that wrote Section 1292(b). In that connection he stated that:

The committee warned, however, that saving of time and expense would be nullified in practice by indulgent extension of the rule to inappropriate cases or by enforced

consideration by courts of appeals of many ill-founded applications for interlocutory appeals.

In reviewing the actual operation of Section 1292(b) since its enactment in 1958, Judge Matthes stated in 1962 that:

Throughout the eleven circuits there has been a total of 267 applications filed in the courts of appeals. Of these, 115 have been granted, 140 have been denied, 4 were otherwise disposed of, and 8 are still pending.

Judge Matthes then added that:

(f)rom the number of applications that have been denied after certification by the district court, the conclusion is justified that the district judges in some of the circuits are failing to grasp the real purpose and intent of § 1292(b) and are making interlocutory certifications in situations not contemplated by the Act.

Toward the conclusion of his remarks, Judge Matthes stated:

By way of summary, it should be said that from his vantage point, first the district judge must weigh the advantages to be gained by an appeal from an interlocutory order. * * * Chief Judge Mercer of the Southern District of Illinois, N.D. in the *Seven-Up Company* case [Seven-Up Co. v. O-So Grape Co.], 179 F.Supp. 167, very aptly stated at p. 171:

* * * I believe that the interlocutory substantive order which should commend itself to a court for immediate appeal would be a rarity, and that the interlocutory procedural order which would so command itself would be almost as rare as the dodo. As one court has suggested, a loose application of the statute could 'only stimulate the parties to more and greater * * * sparring apart from the merits.' Gottesman v. General Motors Corp. 2 Cir. 268 F.2d 194, 196.

Judge Matthes made clear that his remarks were not intended to prevent the legitimate work load of the Court of Appeals from increasing; but he also suggested that District Judges should understand and act in light of "the views of the committee that studied the problem, the Congress of the United States, and the courts that have had occasion to consider the Act."

We do not believe it necessary to cite or discuss the numerous cases cited by Judge Matthes or those collected and commented on by Professor Wright in his article "The Interlocutory Appeals Act of 1958," 23 F.R.D. 199. We think it sufficient to say that defendants' request for certification in this case does not present any substantially different question than that presented by the Section 1292(b) request made to Judge Boldt in Public Util. Dist. No. 1 of Chelan Co., Wash. v. General Electric, W.D. Wash.1964, 230 F.Supp. 744.

We find it much more difficult in this case to assume either that controlling questions of law are presented or that there is substantial ground for difference of opinion in regard to those questions than did Judge Boldt in his case. But we are in total agreement that we cannot certify that an immediate appeal may materially advance the ultimate determination of the litigation.

We can not ignore the fact that recent pretrial conferences and pretrial orders anticipate the trial of this case in early May of this year; a period of time that could not be advanced by the allowance of an interlocutory appeal. In establishing the earliest target date for actual trial, counsel indicated that the amount of time needed for trial preparation in this case and existing commitments in other cases and other matters dictated that no earlier trial date could reasonably be set.

Necessary preparation for the requested interlocutory appeal, if allowed by the Court of Appeals, might so occupy counsels' committed time that it would be unreasonable to maintain the present trial date.

■ We do not suggest that our refusal to make a certification pursuant to Section 1292(b) is equivalent to saving counsel from themselves, so far as the utilization of their time is concerned. The request for certification, however, requires that we state our firm and considered judgment that the trial of this case would more likely be delayed than materially advanced should the requested certification be made.

For the reasons stated, defendants' motion to amend and to certify should be and the same is hereby overruled.

It is so ordered.