475 F.2d 1401
 73-1 USTC P 9398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
United States of America, Appellee
v.
Isabelle R. Paurowski, Appellant.
 No. 72-1770.
 United States Court of Appeals, Fourth Circuit.
 May 1, 1973.
 
 Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge and WINTER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Isabelle Paurowski appeals from the district court's judgment awarding the United States recovery against her in the sum of $2,785.18, foreclosing the United States' tax lien claims against her residence, and ordering the United States Marshal to sell that property at public auction.
 
 
 2
 As grounds for reversal appellant contends that the district court erred (1) in classifying as alimony the payments which she received from her husband during the years 1962-1965 and (2) in failing to grant credit for overpayments of income tax reported on her 1966, 1967, 1969, 1970 and 1971 income tax returns.
 
 
 3
 Pursuant to a separation agreement entered into by appellant and her husband on July 1, 1961, appellant received biweekly payments of $175 which the agreement stated were "for her support and maintenance and for the support and maintenance and education" of their two minor children. The agreement contained no language allocating the payments between wife and children. During the taxable years 1962 through 1965 appellant failed to report any part of these payments as gross income. Section 71(a)(2) of the Internal Revenue Code of 1954 provides that periodic payments made to a wife pursuant to a written separation agreement are includible in the wife's gross income. Section 71(b) excepts from the operations of Sec. 71(a) "that part of any payment which the terms of the * * * agreement fix * * * as a sum which is payable for the support of minor children of the husband." In Commissioner v. Lester, 366 U.S. 299 (1961), the Supreme Court construed the word fix to require that "the allocations to child support * * * be 'specifically designated' and not left to determination by inference or conjecture." 366 U.S. at 306. Absent a specific designation of the portion allocable to child support, the entire payment must be included in the wife's gross income. Because in the instant case the separation agreement did not specifically designate the portion to be used for child support, the district court properly held that the payments in their entirety were includible in the wife's gross income under Sec. 71(a)(2).
 
 
 4
 The government instituted this action in October of 1969. Thereafter, appellant filed a refund claim with the Internal Revenue Service contending that she was entitled to credit for alleged overpayments of tax for the years 1962 through 1968. In this action, appellant asserts that she is due a refund for the tax years 1966 through 1971,[1] and that the district court erred in failing to grant her credit for the alleged overpayments. Nothing in the record before us indicates that appellant has filed any refund claims with the Internal Revenue Service for the tax years 1969 through 1971.
 
 
 5
 Section 7422(a) of the Internal Revenue Code of 1954 prohibits a suit for refund in the district court "until a claim for refund or credit has been duly filed with the Secretary or his delegate * * *." Additionally, section 6532 bars such a suit prior to the expiration of six months from the date of filing the refund claim unless the Secretary has rendered a decision adverse to the taxpayer before that six month period has elapsed, Lipsett v. United States, 37 F.R.D. 549 (D.C.N.Y.1965).
 
 
 6
 In this action, appellant cannot assert her refund claims as a set-off. To so allow would be contrary to sections 7422(a) and 6532. When the Government instituted this action, the rights of the parties were fixed; by asserting her refund claims here, appellant has sought judicial determination of the merits of her claims prior to filing such claims with the Internal Revenue Service. Moreover, section 6532 was not satisfied because the six month period had not elapsed, nor had any decision been rendered by the Secretary. Raising the refund claim as a defense and set-off to the present action is tantamount to bringing an action in the district court without meeting the requirements of sections 7422(a) and 6532.
 
 
 7
 Appellant's refund claims for the years 1966-1968 appear ripe for determination in the district court, in a separate action, should the Internal Revenue Service refuse to consider the merits of the claims, or if their decision is adverse to appellant. As to any refunds claimed due for the tax years 1969-1971, it does not appear that appellant has filed a refund claim with the Internal Revenue Service for those years. This, appellant must do prior to asserting her claim in another forum. Should appellant file a refund claim for those years which the Secretary denies, or takes no action within six months from the date of filing, appellant may then seek judicial resolution of her claim in the district court. Meanwhile, appellant may not frustrate the government's right to collect a deficiency found to be due.
 
 
 8
 Accordingly, we dispense with oral argument and affirm the judgment of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Appellant does not claim she is entitled to credit any refunds allegedly due for tax years 1962-1965. Apparently any claims based on those years have been either satisfied or barred by the limitations period set forth in section 6511 of the Code