**Donald H. and Marie LONG**

v.

**The UNITED STATES.**

No. 186–54.

United States Court of Claims.

Jan. 11, 1955.

————◆————

Donald H. and Mrs. Marie Long, pro se.

Girard R. Jetton, Jr., Washington, D. C., H. Brian Holland, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

## PER CURIAM.

On November 4, 1953, plaintiffs filed a claim for a refund in the sum of $300 which they allege was paid in excess of what was legally due on their income taxes for the calendar year 1949.

Attached to the petition are copies of two letters from an official of the Bureau of Internal Revenue, one of which, dated March 25, 1954, states that the refund is denied because the claim was not filed within the statutory period. The second, dated April 19, 1954 (in response to plaintiffs' letter of inquiry), sets out that the amount of refund to which plaintiffs would have been entitled had timely claim been filed is $300.

The defendant concedes that the letters were written as alleged.

Section 322(b) (1) of the Internal Revenue Code, 26 U.S.C.A. § 322(b) (1), contains the following language:

"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later."

Because of this provision and the regulations made pursuant thereto the Bureau of Internal Revenue held that it was not permitted to consider the claim.

Notwithstanding the apparent merit of the case otherwise, the Commissioner of Internal Revenue was correct in holding that for the reasons stated the claim was barred by the clear wording of the statute.

In the circumstances we have no choice but to grant defendant's motion and dismiss the petition.

It is so ordered.