Lauritz **MELCHIOR** and Maria Melchior

v.

The **UNITED STATES.**

No. 207–52.

United States Court of Claims.

Oct. 2, 1956.

James R. Murphy, Washington, D. C., for plaintiffs.

David R. Frazer, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiffs, husband and wife, seek to recover income taxes in the amount of $79,319.25 paid for the fiscal year ended April 30, 1946 together with interest.

Plaintiffs take the position that they are entitled to a refund of the above taxes because of the loss during June, July and August of 1945 of certain personal property located in that zone or area of Germany then and now under occupation and control of the Russian or East German Government. Plaintiffs allege in their petition that this loss resulted from the plundering and rioting of German and Russian citizens and is, therefore, a casualty loss under section 23(e) of the Internal Revenue Code of 1939, 26 U.S.C.(1946 Ed.) § 23(e), thus entitling them to a deduction in the amount of the value of the property on their tax returns for the fiscal year ended April 30, 1946.

Defendant moves to dismiss plaintiffs' petition on two grounds only one of which need be dealt with here, that is, that this court lacks jurisdiction because plaintiffs' claim for refund was not timely filed as required by section 322(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C.(1946 Ed.) § 322(b) (1).

This section reads in part as follows:

"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the

tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * * ”

■■ For the purpose of computing the time within which claims for refund are to be filed tax returns are considered to have been filed on their due date which for the fiscal year ended April 30, 1946 would have been July 15, 1946. Plaintiffs' claim having been filed on July 25, 1949, was not timely filed.[1] No claim for refund having been duly filed within time, the provisions of 26 U.S.C.(1946 Ed.) § 3772(a) (1) as contended by defendant bar plaintiffs from suing in this court.[2]

■ This defect is not cured by the fact that the Commissioner considered plaintiffs' claim on the merits nor can this requirement be subject to a waiver on the part of the Commissioner. We are here faced with a statutory requirement as distinguished from one which might be waived under certain circumstances and as such it is "beyond the dispensing power of Treasury officials." United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619; United States v. Garbutt Oil Co., 302 U.S. 528, 533–535, 58 S.Ct. 320, 82 L.Ed. 405; Angelus Milling Co. v. Commissioner, 325 U.S. 293, 296, 65 S.Ct. 1162, 1164, 89 L.Ed. 1619. See also Modern Engineering Co., Inc. v. United States, 113 F.Supp. 685, 126 Ct.Cl. 136, 141, and Long v. United States, 130 Ct. Cl. 806.

While what is said above is sufficient to dispose of this case adverse to plaintiffs, it is believed that for the sake of clarity mention may be made of the inapplicability of the war loss provisions of

26 U.S.C.(1946 ·Ed.) § 127, assuming that plaintiffs are correct in that they had until December 31, 1951, to file a claim for refund under this section. Plaintiffs' petition seeks recovery under section 23(e) only, while their brief alleges that in the claim for refund plaintiffs also sought to recover under section 127, and the briefs of both parties discuss the application of that section. Section 127(a) (2) reads as follows:

"Property within any country at war with the United States, or within an area under the control of any such country on the date war with such country was declared by the United States, shall be deemed to have been destroyed or seized on the date war with such country was declared by the United States."

■ While plaintiffs might have asserted a claim under this section with respect to the property involved, that loss would have been attributable to the year 1941 or a fiscal year ended in 1942 and not for the year 1945 or 1946. The property which plaintiffs allege they owned in 1941 was alleged to have been located in Germany, and under the above section 127 losses are "deemed" to have occurred on the date war was declared which was December 11, 1941, with respect to Germany. Andriesse v. Commissioner, 12 T.C. 907, 911–912. No recovery can therefore be had under either section. Defendant's motion to dismiss is granted and plaintiffs' petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

---

1. The last installment of plaintiffs' income taxes for the fiscal year in question was paid on May 15, 1946.

2. This section reads as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected *until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*" [Italics supplied.]