**TOLERTON & WARFIELD COMPANY**

v.

**UNITED STATES.**

No. 284–58.

United States Court of Claims.

Jan. 18, 1961.

Jack R. Miller, Dimmitt, Tex., for plaintiff.

Earl L. Huntington, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., were on the briefs.

WHITAKER, Judge.

This case is before the court on defendant's motion for summary judgment, based upon the allegation that the claim is barred by the statute of limitations.

Defendant's motion must be granted, and plaintiff's petition must be dismissed, notwithstanding the fact that it would appear that plaintiff has overpaid its taxes.

■ That plaintiff's claim is barred will be shown by the following statement of facts: The year involved is the year 1945. On October 1, 1947, plaintiff filed an amended excess profits and declared value excess profits tax return showing liability of $11,029.50, and, later, on December 27 of the same year, it filed a second amended excess profits and declared value excess profits tax return showing an additional amount due of $11,534.42. Both of these amounts were paid.

On March 10, 1949, plaintiff filed a claim for refund of said taxes in the amount of $22,563.92.

The Commissioner of Internal Revenue disallowed this claim, notice of which was given the plaintiff by registered letter dated March 22, 1950.

Section 3772(a) (1) and (2) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 3772(a) (1, 2), prohibits any court from entertaining a suit to recover an internal revenue tax until a claim for refund has first been filed, and also prohibits a court from entertaining such a suit "after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of disallowance of the part of the claim to which such suit or proceeding relates."

Section 3772(a) (3) further provides:

"Any consideration, reconsideration, or action by the Commissioner with respect to such claim [that was barred by either subsections 1 or 2 above] following the mailing of a notice by registered mail of disallowance shall not operate to extend the period within which suit may be begun. * * * "

Not only does the statute provide that a suit on a barred claim cannot be maintained, but section 3746 provides that any tax which was erroneously refunded, for the reason that it was barred by the statute, may be recovered by suit begun within two years after the making of such refund.

In Kavanagh v. Noble, 332 U.S. 535, 68 S.Ct. 235, 237, 92 L.Ed. 150, the Supreme Court said: "Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary." See also our opinion in Melchior v. United States, 145 F.Supp. 193, 136 Ct.Cl. 483.

But plaintiff seems to claim that the acceptance by the Commissioner of plaintiff's offer of settlement, dated February 28, 1952, brings the case within section 3774(b) of the Internal Revenue Code of 1939.

On February 28, 1952, plaintiff filed an offer of waiver of restrictions on assessment and acceptance of overassessment, in which it consented to the assessment of a deficiency in income tax in the amount of $365.26 for the year ending December 31, 1946, and in which it agreed to accept the sum of $689 in settlement of its claim for an overpayment of declared value excess profits tax for the year ending December 31, 1945, and the sum of $7,752.20 in settlement of its claim for the overpayment of excess profits tax for the year ending December 31, 1945. This offer was accepted by the Commissioner on March 31, 1952. The sum of $365.26 was assessed and collected for the year ending December 31, 1946, but the Commissioner later refused to refund the amount agreed upon as an overpayment of declared value excess profits tax and excess profits tax for the year ending December 31, 1945, because the time within which a refund could be made had run.

Section 3774 provides in part:

"§ 3774. Refunds after periods of limitation.

"A refund of any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) shall be considered erroneous—

*  *  *  *  *  *

"(b) *Disallowance of claim and expiration of period for filing suit.* —In the case of a claim filed within the proper time and disallowed by the Commissioner if the refund was made after the expiration of the period of limitation for filing suit, unless—

"(1) within such period suit was begun by the taxpayer, or

"(2) within such period, the taxpayer and the Commissioner agreed in writing to suspend the running of the statute of limitations for filing suit from the date of the agreement to the date of final decision in one or more named cases then pending before the Tax Court of the United States or the courts. If such agreement has been entered into, the running of such statute of limitations shall be suspended in accordance with the terms of the agreement."

The Commissioner disallowed the claim on March 22, 1950. Under section 3772(a) (2), suit had to be brought within two years from that date. Suit was not brought within that time; hence, at the time the Commissioner accepted plaintiff's offer, which was on March 31, 1952, he was without power to make the refund. The only two things that could give him authority to make a refund after the statute had run was, one, the filing of a suit in time, and, two, an agreement to suspend the statute of limitations within the time limit for filing suit. Neither of these things was done.

An account stated could not have arisen by virtue of the Commissioner's acceptance of plaintiff's offer, because no implied promise to pay could have arisen therefrom, since at the time of the acceptance, the Commissioner was without authority to pay. An implied promise to pay is essential to an account stated.

On the face of things, it would seem that the plaintiff has overpaid its tax, but under the statutes enacted by Congress we are without power to give plaintiff relief. Only Congress can do so.

It results that defendant's motion must be granted. Plaintiff's motion is denied, and plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, LARAMORE, and MADDEN, Judges, concur.