ALLSTATE INSURANCE COMPANY

v.

The UNITED STATES.

No. 380-73.

United States Court of Claims.

Feb. 23, 1977.

William A. Cromartie, Chicago, Ill., attorney of record for plaintiff. Patrick A. Heffernan and Glen H. Kanwit, Chicago, Ill., of counsel.

Charles E. Auslander, Jr., Washington, D. C., attorney of record for defendant, with whom was Acting Asst. Atty. Gen. Myron C. Baum, Donald H. Olson and Robert Watkins, Washington, D. C., of counsel.

Before SKELTON, KUNZIG and BENNETT, Judges.

KUNZIG, Judge.

The plaintiff, Allstate Insurance Company (Allstate), seeks to recover overpayments of Federal income taxes and interest for the taxable year ending December 31, 1969. The parties have stipulated that as a *substantive* matter, Allstate is entitled to all but $2,810.71 of the claimed refunds. However, defendant relies on Section 6511(b)(2) of the Internal Revenue Code of 1954 in contending that $127,907.18 of the refund is technically barred by the statute of limitations.[1] For the reasons hereafter described, we hold the plaintiff not barred as to any part of the contested amount. Plaintiff's motion for summary judgment is granted, and defendant's motion for partial summary judgment is denied.

Allstate's 1969 tax saga began on September 15, 1970 when, pursuant to an extension, it filed its 1969 corporate income tax return showing a total tax due of $10,538,901.34. Having previously paid the Internal Revenue Service (IRS) $10,902,000.00, Allstate claimed a $363,098.66 refund, which it subsequently received.

In March 1973, the IRS asserted against Allstate a deficiency for 1969 of $1,579,444.64 ($1,321,712.33 plus interest of $257,732.31). The alleged deficiency was paid by Allstate on July 30, 1973. Allstate filed a claim for refund ("first claim") on September 7, 1973, for the amount of $1,594,422.22. This claim included amounts alleged due from not only the payment of the deficiency, but for other amounts arising from issues other than those raised in the deficiency. The first claim was filed within three years of Allstate's 1969 filing (September 15, 1970). Within a week, on September 13, 1973, the IRS disallowed Allstate's first claim in full.

On October 10, 1973, Allstate commenced this Court of Claims action by filing a petition based entirely on the first claim.

Eight and one-half months later, on June 21, 1974, Allstate filed an additional refund claim with the IRS ("second claim"). The second claim asserted a new ground for recovery (additional investment credit unclaimed on its 1969 return of $112,929.60).

1. Plaintiff seeks a total of $1,704,541.11 ($1,707,351.82 less the $2,810.71) in his motion for summary judgment. Since the Government has stipulated to Allstate's substantive entitlement to all but the amount alleged barred by a statute of limitations (the basis of the Government's cross-motion for partial summary judgment), we will only address ourselves to the statute of limitations issue. We shall avoid a discussion of the substantive merits of plaintiff's claims, including them only for purposes of computing the final judgment.

Importantly for this case, Allstate also repeated, in their entirety, the grounds constituting the first claim which, of course, was already before this court. The second claim aggregated $1,707,351.82 ($1,594,422.22 plus $112,929.60 from the new ground in the second claim). As will also become important for this case, the second claim was filed more than three years after Allstate's 1969 tax return was filed, but within two years of its July 30, 1973 payment of the deficiency to IRS.

On June 28, 1974, the IRS disallowed Allstate's second claim. Allstate responded by amending its petition in this court to incorporate the new portion of the second claim, bringing its total prayer for judgment to $1,707,351.82.

*Defendant has conceded that except for the sum of $2,810.71,*[2] Allstate is substantively entitled to a refund of the amounts sought in both the first and second claims. However, defendant asserts that Allstate's second claim was not filed within three years of plaintiff's filing of its 1969 tax return and that during the two years preceding the filing of the second claim, Allstate paid only $1,579,444.64 in income taxes. Citing Section 6511(b)(2)(B) of the Internal Revenue Code, defendant argues that Allstate's total recovery is limited by the $1,579,444.64 ceiling. The relevant portion of Internal Revenue Code § 6511 for purposes of this case is hereafter set forth. It is important to note that subsection (a) prescribes *time* limitations for filing refund claims whereas subsection (b)(2) prescribes *amount* limitations.

§ 6511. Limitations on credit or refund

*(a) Period of limitation on filing claim.*—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

*(b) Limitation on allowance of credits and refunds.*—

*(1) Filing of claim within prescribed period.*—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

*(2) Limit on amount of credit or refund.*—

*(A) Limit where claim filed within 3-year period.*—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

*(B) Limit where claim not filed within 3-year period.*—If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

The major focal point of this dispute then is the characterization of the second claim. The Government desires us to view the second claim for statute of limitations purposes as one total claim of $1,707,351.82 without regard to the existence of a separate first claim. If we do so, the Govern-

2. Allstate has stipulated that it is not entitled to this amount.

ment envisions the following results: The second claim having been filed outside of three years from the initial filing of the return, § 6511(b)(2)(B) would apply and would limit the recovery of Allstate to the amount of 1969 taxes actually paid within two years of the filing of the second claim. Had no 1969 taxes been paid during this two-year period, no recovery would be allowed. Since $1,579,444.64 in 1969 taxes was paid within the two-year period, that amount and no greater sum is recoverable. Since Allstate's second claim aggregated $1,707,351.82, $127,907.18 is time-barred.

Allstate, on the other hand, characterizes the second claim as constituting two separate claims—the first claim repeated, and the additional element of the second claim. Each of the two portions the second claim, says Allstate, has its *own* statute of limitations. The repeated first claim portion of the second claim comes within the three-year rule of § 6511(a) having been filed within three years from the filing of the original return. The additional element of the second claim, since filed outside the three-year limit of § 6511(a), is bound by the two-year limit expressed in the second half of § 6511(a). The upshot of Allstate's characterization is that none of the portion of the second claim representing the repeated first claim is time-barred, and therefore when considered within the rules of § 6511(b)(2)(A), no amount is "amount barred." Further, the additional element of the second claim amounts to $112,929.60,[3] a sum far beneath the $1,579,444.64 ceiling (the amount of tax actually paid by Allstate in the two years preceding the second claim as per § 6511(b)(2)(B)) and is, therefore, entirely recoverable. *I. e.,* the $112,929.60 is neither "time barred" nor "amount barred."

The opposing characterizations of the nature of the second claim can perhaps best be shown by diagram.

CHRONOLOGY OF EVENTS

Area within box = events within three-year statute of limitations of § 6511(a).

A—First claim relates back to date of tax return filing (imputed to March 15, 1970 pursuant to extension granted by IRS).

B—Second claim relates back to payments made not more than two years prior to second claim.

C—First claim relates back to date of payment of assessed deficiency.

D—Second claim must relate back to date of original tax payment because deficiency assessment exhausted by first claim.

Beyond the Government's urging that we characterize Allstate's second claim as one claim for statute of limitations purposes, it argues additionally that the non-repetitive portion of the second claim is time-barred—that it is an amount which should have been claimed within three years of the filing of the original return. The Government contends that since this non-repetitive issue of the second claim was not an issue raised by the IRS on audit or a subject of the alleged deficiency imposed in March 1973, it cannot be raised once three years from the filing of the original tax return has passed. Essentially, the argument is that Allstate may not raise an issue in a refund claim that was not raised by the IRS in a deficiency assessment if the refund claim is filed more

3. Of this amount, it is agreed by both parties that $2,810.71 is not recoverable. Plaintiff's claim for the additional element of the second claim, therefore, is in reality only for $110,118.89. To avoid confusion, we will continue to refer to the additional element of the second claim as being worth $112,929.60, but will deduct the stipulated sum of $2,810.71 from the plaintiff's ultimate recovery.

than three years from the filing of the original return.

Plaintiff, of course, argues the opposite position. The question of whether the nonrepetitive portion of the claim is time-barred involves us in an analysis of § 6511(a). If it is *in fact* time-barred, we need not concern ourselves with the limitations on the *amount* of recovery depicted in § 6511(b)(2), as § 6511(b)(1) clearly states that *no* refund recovery is allowable after the expiration of the time allowed in § 6511(a).

*Applicable Time Limitations*

1. *The First Claim.* Defendant urges that the second claim, which incorporated both the first claim and a new issue, is the starting point for determining the statute of limitations period in § 6511(a). Herein lies the Government's fatal error. Defendant's characterization would result in the entire subject matter of the first claim being swept within the "2 years from the time the tax was paid" portion of § 6511(a) which would in turn activate the amount limitation of § 6511(b)(2)(B) rather than § 6511(b)(2)(A).

In actuality, the repetition by Allstate in its second claim, of the first claim's allegations, was a nullity. It is a rule of long standing that once a refund claim has been disallowed, it is not subject to amendment. *United States v. Memphis Cotton Oil,* 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619 (1933); *A. H. Kelson v. United States,* 503 F.2d 1291 (10th Cir. 1974); *Stratmore v. United States,* 463 F.2d 1195 (3d Cir. 1972); *Clement v. United States,* 405 F.2d 703 (1st Cir. 1969); *Solomon v. United States,* 57 F.2d 150 (2d Cir. 1932). Similarly, repetition of the identical grounds set forth in the disallowed claim in a new and subsequent refund claim is a nullity. It would be a curious rule of law which refused to allow the filing of an amended claim after rejection, but allowed an identically restated claim after rejection. Allstate's second claim, therefore, is viable *only* as to its *new portion* ($112,929.60).

The statute of limitations for the first claim remains with the first claim and is not transported to the second merely because the latter reasserts the former. The court recognized this principle in *Charlson Realty Co. v. United States,* 384 F.2d 434, 181 Ct.Cl. 262 (1967). In *Charlson,* the plaintiff filed a refund claim, followed by a second claim which repeated the first claim and alleged other grounds for recovery as well. When suit was filed in this court, it was clear that the first claim was time-barred. Had the second claim been a mere repetition of the first claim, it too would have been time-barred. The court determined that the two refund claims were not identical, however, holding:

> The second claim was not a mere repetition of the first claim, but is based upon new grounds, and, therefore, constitutes a separate claim which is entitled to independent treatment with reference to the statute of limitations. *Charlson Realty Co., supra,* 384 F.2d at 440, 181 Ct.Cl. at 270.

We see no construction of the facts which would lead us to a conclusion other than that Allstate's September 7, 1973 refund claim was within three years of the September 15, 1970 filing deadline and was, therefore, timely filed under the three-year portion of § 6511(a).

Additionally, the Government has now conceded that Allstate is substantively entitled to the amount claimed in the first claim. (It was due to the original IRS denial of Allstate's first claim, that Allstate filed suit in this court.) Subsequent to paying the asserted deficiency, Allstate filed a new and different claim for refund, reasserting therein the grounds of the first claim for what it termed "the Government's administrative convenience." For the Government now to be allowed to twist a normal three-year statute of limitations in re the substantive issues of the first claim (thereby "earning" $127,907.18 for the Government), especially when it has conceded the merit of the first claim, would be to work a grave injustice upon the taxpayer. We hold that the first claim was filed

"within 3 years from the time the return was filed", (§ 6511(a)) and does not lose this filing status because of a subsequent repetition of the claim.[4]

2. *The Second Claim.* As detailed above, the repetitive portion of the second claim falls within the three-year portion of the statute. We now turn to the claim for $112,929.60, the new portion of the second claim.

■ There is no question that the second claim was filed within two years of the time a tax was paid. The second claim was filed June 21, 1974, while the $1,579,444.64 tax payment for the deficiency assessment was made July 30, 1973. The question, to rephrase the Government's arguments, is: May Allstate raise an issue in a refund claim that was not raised by the IRS in a deficiency assessment if the refund claim is filed more than three years from the filing of the original return?

Defendant originally argued that legislative history precluded bringing such a refund claim. Yet, surprisingly, in its final brief, the Government backs away from its earlier position, stating: "The Government does not reject claims for refund, however, solely for the reason that the issues raised by the refund claim were not the basis for the deficiency assessment. Instead it allows all *valid* claims for refund based on *any* ground involving the particular tax year." [5] (emphasis in original except as to "any") Reply Brief For the United States in Support of its Cross-motion for Partial Summary Judgment and Opposition in Part to Plaintiff's Motion for Summary Judgment at 2–3. The Government's briefs, our examination of the legislative history of § 6511, and our reading of the statute itself do not convince us that Congress intended to limit the issues raised in a post-three-year refund claim to those issues raised in a Governmental deficiency assessment.[6] We

4. At this point, it seems fair to state that had Allstate *not* reasserted its first claim in the second claim, the Government would have no basis whatsoever to argue that the issues in the first claim acquire the statute of limitations characteristics of the second claim. Allstate claims in its briefs that the purpose of reasserting the first claim was to cater to the Government's convenience—so that the Government could view all of Allstate's claims in one document. In view of the Government's action in this case, Allstate's intention to "be helpful" has assuredly backfired. We find this unfortunate not only in terms of the problems which have befallen Allstate because of the Government's cross-motion for partial summary judgment, but also because it may well serve as a warning to other taxpayers to "not do the Government any favors."

5. By emphasizing the word "valid," the Government appears to be making a laches-type argument. In an obfuscating argument, defendant seems to contend that set-offs to a deficiency assessment must be raised at the time of the assessment or the set-off is barred from being raised at a later time. We find no authority for this proposition, nor has the Government cited us to any.

6. As stated above, the Government has not persuaded us on this issue, and in fact eventually seems to retreat from their position. We do, however, feel it might be useful to mention Allstate's argument against adopting the Government's contention. Allstate notes that the Government has the right to setoff monies against a taxpayer's refund claim in circumstances wherein the Government could not assess a deficiency against the taxpayer because of the running of the statute of limitations. For example, in *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932), the Supreme Court rejected a taxpayer's refund claim despite its substantive correctness, allowing the IRS to offset monies from an unrelated issue for which the statutory period for assessment had expired. Justice McReynolds said:

> While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied. An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded. (284 U.S. at 283, 52 S.Ct. at 146.)

The rationale of *Lewis v. Reynolds* is that a taxpayer should not be entitled to a refund unless he is entitled to one as a whole. While the Government may be time-barred from asserting a deficiency against the taxpayer, it may surely counter a timely refund claim with the subject of the deficiency to illustrate that *as a whole,* the taxpayer is not entitled to a refund. Allstate contends that if the *Government* has such a right of setoff against refund claims, symmetry of the tax structure is furthered by allowing the *taxpayer* to have such a right of

therefore hold that Allstate's new portion of its second claim was timely filed within the two-year rule of § 6511(a).

*Applicable Amount Limitations*

Having determined that the issues raised in the first claim were timely raised pursuant to the "three-year" provision of § 6511(a) and that the new issue raised in the second claim was timely raised pursuant to the "two-year" provision of § 6511(a), we now turn to the determination of the *amount limitations* on the refund claims as prescribed in § 6511(b)(2)(A) and § 6511(b)(2)(B).

Section 6511(b)(1) disallows *any* recovery for claims not timely filed. This, of course, need not deter us, each of Allstate's refund claims having been filed within the requisite time. Essentially, the time limitation arguments having been disposed of, the amount limitation disputes are resolved almost automatically.

Section 6511(b)(2) is bifurcated, allowing different rules for payments made within the three-year period prescribed in (a) and the two-year period prescribed in (a). Under § 6511(b)(2)(A), the limitation on the amount that may be recovered in a refund claim is the amount of tax paid within the three-year period after the tax return was filed, plus the period of any extension of time for filing the return (here, six months: March 15 to September 15), provided that the refund claim has been filed within that same three-year period. Under § 6511(b)(2)(B), the amount that may be recovered in a refund claim is limited to the tax paid within the two-year period preceding filing of the claim, if the refund claim was filed more than three years after the tax return was filed. It is clear then that recovery on the issues raised in the first claim is to be limited by the rule of § 6511(b)(2)(A), while recovery on the new issue in the second claim is limited by the rule of § 6511(b)(2)(B).

Again, § 6511(b)(2)(A) reads:

> *Limit where claim filed within 3-year period.*—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing of the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

The amount of tax paid within the period was $10,538,901.34, plus $1,579,444.64, totaling $12,118,345.98. The amount of the first claim, $1,594,422.22, being well within the limitation, is wholly recoverable.

Section 6511(b)(2)(B) reads:

> *Limit where claim not filed within 3-year period.*—If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

The amount of tax paid within the two-year period was $1,579,444.64, and the amount sought in the new element of the second claim was $112,929.60 (less the $2,810.71 stipulated sum). The latter, being clearly within the limitation, is wholly recoverable.

The Government argues, however, that the recovery for the first claim must come from the amount most recently paid, that amount being $1,579,444.64, the amount of the asserted deficiency. That resolution of the problem not only would obliterate the full sum available for the § 6511(b)(2)(B) pool, thus denying recovery for the $112,929.60, but would also result in $14,977.58 additional being barred. (The excess of $1,594,422.22 over $1,579,444.64.)

Such a construction simply is not within the words of the statute, nor can we find support for it in the legislative history.

setoff against assessments. Allstate contends that § 6511 inherently includes the taxpayer's equitable right of setoff, subject only to the *amount* limitations of § 6511(b).

In the absence of some contrary indication, we must assume that the framers of the statutory provisions intended to convey the ordinary meaning which is attached to the language they used. *Rosenman v. United States,* 323 U.S. 658, 661, 65 S.Ct. 536, 89 L.Ed. 535 (1945).

Therefore, the ordinary meaning of the language of the statute dictates our result. There exists a pool for "three-year" recoveries, and a pool for "two-year" recoveries. The statute gives no indication that monies recovered within the "three-year" rule should come from monies most recently paid, and we refuse to give the statute such a construction here. Allstate's half of the diagram reproduced *supra,* is the correct graphic illustration of this case.

We therefore hold that all of the monies contested in this case are recoverable.

*Interest*

The final decision we must make is to determine the date from which interest begins running against the Government.

Recovery of interest is governed by I.R.C. § 6611, and its regulations, 26 C.F.R. § 301.-6611-1(c). Example (2) of the Regulations provides a model for determining interest which we adapt for use in this case:

TAX LIABILITY

| | |
|---|---|
| Original assessment | $10,538,901.34 |
| Deficiency assessment | 1,579,444.64 |
| Total assessed | $12,118,345.98 |
| Correct liability (total assessed less recovery in this case of $1,707,351.82–$2,810.71) | –$10,413,804.87 |
| Over assessment | $1,704,541.11 |

RECORD OF PAYMENTS

| | |
|---|---|
| March 15, 1970 | $10,538,901.34 |
| July 30, 1973 | 1,579,444.64 |

AMOUNT OF OVERPAYMENTS

| | |
|---|---|
| March 15, 1970 | $125,096.47 |
| July 30, 1973 | 1,579,444.64 |

Therefore, interest on $125,096.47 should be paid from March 15, 1970, while interest on the $1,579,444.64 is to be paid from July 30, 1973. This is precisely the interest formula urged by the Government. We agree with their formulation.[7]

Accordingly, we grant plaintiff's motion for summary judgment in the amount of $1,704,541.11 ($1,707,351.82 less $2,810.71), and judgment is hereby entered for plaintiff in that amount. The Government's motion for partial summary judgment is denied. Interest is awarded from the dates delineated, *supra,* and calculated at the rates provided by law.

7. The Government seems to suggest that there might be an interest windfall here were plaintiff to demand interest on $1,579,444.64 from March 15, 1970 and interest on $112,929.60 from July 30, 1973. Allstate made no such demand. We find no windfall.