John I. Heise, Jr., Silver Spring, Md., atty. of record for plaintiff. Heise Jorgensen & Stefanelli, P. A., Silver Spring, Md., Sam Resnicoff, New York City, of counsel.

Donnie Hoover, Washington, D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant. Lynn J. Bush, Washington, D. C., of counsel.

Before KUNZIG, BENNETT and SMITH, Judges.

**Joseph J. CLARK et al.**

v.

**The UNITED STATES.**

**No. 26–76.**

United States Court of Claims.

May 16, 1979.

ON CROSS MOTIONS FOR SUMMARY JUDGMENT

KUNZIG, Judge:

This civilian pay case of first impression involves the proper salary rate for a person promoted from a Wage System (WS) classification position to a General Schedule (GS) position. Plaintiffs claim they are entitled to a salary rate set at an amount equal to two step-increases.[1] The Government ar-

---

1. The mechanics of the two step-increase is as follows: If the employee's rate in his old position was equal to a rate in the new position, he would be paid at the rate two steps above the step which was equal to his old rate.

If the employee's rate in his old position fell between two rates in the new position, he would be paid at the rate two steps above the *higher* of the rates that his old rate fell between.

gues that this two step-increase does not apply to promotions from a WS position to a GS position. We agree with plaintiffs.

The six plaintiffs in this case are or were employed on the staff of the Supervisor of Shipbuilding, Conversion and Repair, Department of the Navy. Between July 1973 and October 1974, all were promoted from various positions under the prevailing rate system (or WS) to positions covered under the GS. Plaintiff LiBretto was employed as a Ship Surveyor, Grade 8, level 4 of the WS, earning $7.92 per hour or $16,473.60 per year. His old salary fell between step 4 ($16,138) and step 5 ($16,627) of the GS–11 scale to which he had been promoted. His salary was set at a GS–11, step 5, the higher of the two rates.

The other five plaintiffs had also been promoted [2] from Ship Surveyor to GS positions. However, they had received the benefits of two step-increases at the time of their respective promotions.

LiBretto, believing he was entitled to a GS–11, step 7 (instead of a GS–11, step 5) filed a complaint. That complaint touched off a Navy investigation into the method of calculating LiBretto's salary and the salaries of others who had been promoted in a similar manner. The Navy determined that it had correctly calculated LiBretto's salary and incorrectly calculated the salaries of the other five plaintiffs. The five then received a salary step downgrading in April 1975. However, any possible withholdings to recoup the alleged overpayments have been deferred pending a request by plaintiffs for a waiver. Plaintiffs' six-man Group Grievance was unsuccessful, and they now have filed a petition in this court. Defendant counterclaimed for the alleged overpayments.[3]

We hold for plaintiffs.

This case turns on the meaning of 5 U.S.C. § 5334 [4] and various regulations contained in 5 C.F.R. Part 531.

Section 5334(b) states in pertinent part:

(b) An employee who is promoted or transferred to a position in a higher grade is entitled to basic pay at the lowest rate of the higher grade which exceeds his existing rate of basic pay by not less than two step-increases of the grade from which he is promoted or transferred. . . .

Plaintiffs therefore argue that since it is undisputed that they did receive "promotions," [5] they are entitled to a two step-increase under section 5334(b).

---

Thus an employee receives a minimum of two steps, but it may be more if his old rate fell between two new rates.

2. All six plaintiffs were promoted following application, selection, and appointment under the Department of the Navy Merit Promotion Program.

3. Defendant's counterclaim has been dismissed on its own motion, which was made after oral argument.

4. Section 5334(a) states in pertinent part:

(a) The rate of basic pay to which an employee is entitled is governed by regulations prescribed by the Civil Service Commission in conformity with this subchapter and chapter 51 of this title when—

(1) he is transferred from a position in the legislative, judicial, or executive branch to which this subchapter does not apply;

(2) he is transferred from a position in the legislative, judicial, or executive branch to which this subchapter applies to another such position;

(3) he is demoted to a position in a lower grade;

(4) he is reinstated, reappointed, or reemployed in a position to which this subchapter applies following service in any position in the legislative, judicial, or executive branch;

(5) his type of appointment is changed;

(6) his employment status is otherwise changed; or

(7) his position is changed from one grade to another grade.

The Civil Service Reform Act of 1978, Pub.L. No.95–454, 92 Stat. 1111, substituted the "Office of Personnel Management" for "Civil Service Commission."

Although the word "promotion" does not expressly appear in 5334(a), it seems clear that it falls within one of the seven categories, as the legislative history of an earlier version of this subsection referred to promotion. See H.R. Rep.No.1264, 81st Cong., 1st Sess., *reprinted in* [1949] U.S.Code Cong.Service, pp. 2363, 2374–75.

5. Both plaintiffs and defendant have termed these actions promotions. Furthermore, 5 C.F.R. § 531.202(h) states:

(h) "Promotion" means a change of an employee, while continuously employed, from:

However, the Government points to 5 C.F.R. § 531.204(a),[6] a regulation which purports to limit the above statute (§ 5334(b)) to promotions within the G.S. The Government further argues that plaintiffs' salary rate is governed by 5 C.F.R. § 531.203(c), which states that:

. . . when an employee is reemployed, transferred, reassigned, promoted, or demoted, the agency may pay him at any rate of his grade which does not exceed his highest previous rate; however, if his highest previous rate falls between two rates of his grade, the agency may pay him at the higher rate. . .

We are, therefore, confronted with:

(1) a *statute* that says "promotions" entitled the employee to two step-increases (5 U.S.C. § 5334(b));

(2) a regulation that puts plaintiffs' situation within the definition of "promotion" (5 C.F.R. § 531.202(h)(2));

(3) another regulation that says that statutory entitlement of a "promotion" does not apply to plaintiffs' situation (5 C.F.R. § 531.204(a)); and

(4) a regulation that says an agency can pay a "promoted" employee at his existing rate, or, if he falls between two rates, at the higher rate (i. e., no step-increases) (5 C.F.R. § 531.203(c)). The three regulations, apparently contradictory among themselves and with the statute, appear on three consecutive pages in C.F.R. and are all within Part 531, Subpart B of 5 C.F.R.[7]

The Government attempts to argue that, at least to these plaintiffs, the regulations do not conflict.

(1) One General Schedule grade to a higher General Schedule grade; or
(2) A lower rate paid under authority other than subchapter III of chapter 53 of title 5, United States Code, to a higher rate within a General Schedule grade.
Clearly, plaintiffs were promoted under the definition of 5 C.F.R. § 531.202(h)(2).

6. 5 C.F.R. § 531.204(a)(1) reads:
(1) The requirements of section 5334(b) of title 5, United States Code, apply only (i) to a transfer from one General Schedule position to a higher General Schedule position, and (ii) to a promotion from one General Schedule grade to a higher General Schedule grade.

7. Just how incredibly confusing the regulations were is certainly obvious since the Government

The old rates of all six plaintiffs fell between two GS–11 steps, and they received the higher of the two rates.[8] Thus, all the plaintiffs *in this case* received some increase in compensation due to their promotions.

However, this theory of the Government's does not explain why the statutory entitlement to two step-increases for a "promotion" does not apply to plaintiffs since they have received a "promotion" under the definition used by both plaintiffs and defendant. (*See* note 5, *supra*.)

The concept of step-increases for promotions had its origins in section 802 of the Classification Act of 1949, ch. 782, 63 Stat. 954, 969. Section 802(a) of that Act is almost identical to the current 5334(a) (*see* note 4, *supra*). Section 802(b) contains language virtually the same as the present 5334(b), except that the earlier statute only provided for one step-increase.[9] Although this 1949 statute is no clearer than its current version, the House Report[10] leaves title doubt to what Congress intended:

Subsection (b) of section 802 provides that any officer or employee who is promoted or transferred to a position in a higher class or grade shall receive basic compensation at the lowest rate of the higher class or grade which is at least one step increase above his existing rate of basic compensation.

\* \* \* \* \* \*

At present, a promoted employee receives no immediate increase if he is already receiving a rate in the lower grade that also occurs in the higher grade. If he is receiving a rate in the lower grade

paid five claimants, then changed its mind, then refused to pay another, reneged on the five, counterclaimed for a refund, and finally moved to dismiss on its own counterclaim.

8. Some plaintiffs had been promoted further prior to the April 1975 salary downgrading, and their current rate was therefore adjusted.

9. The second step-increase for promotions was added by the Act of October 11, 1962, Pub.L. No.87–793, 76 Stat. 832, 847–48.

10. The House Bill was passed in lieu of the Senate Bill, and the Conference Report did not mention section 802. *See* H.Rep.No.1264, 81st Cong., 1st Sess., *reprinted in* [1949] U.S.Code Cong.Service, pp. 2363, 2375.

that falls between two rates of the higher grade, he is promoted at the higher of these two rates.

*In too many cases, accordingly, an employee who is promoted to greater responsibilities or more difficult duties receives no immediate increase in pay. This is not in accord with the commonly accepted principle that a promotion in pay should concurrently accompany a promotion in duties and responsibilities.*

*Subsection (b) of section 802 corrects this situation.*[11] (emphasis added.)

Congress thus intended that a promotion mean additional compensation of at least a certain amount (in 1949 one step; now two steps (*see* note 9, *supra* )). Applying 5 C.F.R. § 531.203(c), as the Government urges, would, in some instances, leave a promoted employee with no additional pay. The Government argues that that is not this case. However, neither plaintiffs, nor a hypothetical employee with no increase at all, would receive under the Government's theory the kind of increase in pay that section 5334(b) requires.

Section 5334(a) authorizes the preparation of "a comprehensive, unified set of rules." [12] An employee promoted within the GS receives the benefit of two step-increases. An employee promoted within the WS receives a comparable benefit; even an employee promoted "criss-cross" from GS to WS receives the benefit.[13] *See* FPM Supplement 532–1, Subchapter S 8, § 8–3(d); § 8–2(a)(7). But, surprisingly, promotions from WS to GS (the other criss-cross), the Government argues, give the employee no such benefit. We do not agree, however,

that Congress meant promotions to include only certain kinds of promotions,[14] nor has defendant cited any statute or case mandating such a mixed result.

Therefore, we hold that 5 U.S.C. § 5334(b) requires that a GS employee who has been promoted from the WS is entitled to two step-increases.[15] Because the regulations (5 C.F.R. § 531.204(a) and 5 C.F.R. § 531.203(c)) as they pertain to promotions are inconsistent with the statute, they cannot, to that extent, stand. *See Hart v. United States,* 218 Ct.Cl. ——, 585 F.2d 1025 (1978); *Farrell Lines, Inc. v. United States,* 204 Ct.Cl. 482, 499 F.2d 587 (1974).

Accordingly, after careful consideration of all the parties' submissions, and oral argument, we grant plaintiffs' motion for summary judgment. Defendant's motion for summary judgment is denied. The case is remanded to our Trial Division for proceedings in accordance with Rule 131(c)(2).

---

11. *Id.*

12. *See id.* (purpose of parent subsection in 1949 Act); U.S.Code Cong.Service, p. 2375.

13. The Government concedes this point.

14. *See Allstate Insurance Co. v. United States,* 213 Ct.Cl. 96, 550 F.2d 629 (1977) (absent an indication to contrary, court assumes Congress intended to convey ordinary meaning of the language it used).

15. It could be argued that the language in § 5334(b) which refers to pay exceeding by two step-increases the "grade from which he is promoted" implies that the employee must have been at a GS grade to be promoted from. However, the House Report of the 1949 Act, *supra* (an Act which had the same language), used the phrase "above his existing rate of basic compensation." *Id.* This negates any suggestion that Congress may have subtly limited this provision to promotions within the GS.