Plaintiff Nicholas J. Libretto is one of six plaintiffs whose cases were consolidated into and decided by our opinion in Clark v. United States, 220 Ct. Cl. 278, 599 F.2d 411 (1979). The Clark plaintiffs were employees of the United States who had been paid under the Wage System (WS), based on prevailing local wage rates, and were promoted to positions within the nationally uniform General Schedule (GS) pay system. In Clark we held that persons who were promoted from a job within the WS classification to a job within the GS classification were entitled to the two-step equivalent pay increase provided for by 5 U.S.C. §5334(b) (1976). The Clark plaintiffs had received only one-step equivalent pay raises.
*791 Shortly after our decision in Clark, plaintiff Libretto filed the present petition in this court alleging that, prior to the WS to GS promotion adjudicated in Clark, he had been promoted from a GS to a WS position. Defendant moved for summary judgment, and plaintiff filed a cross-motion for summary judgment contending that under the rationale of our decision in Clark, he was entitled to a two-step equivalent increase for the GS to WS promotion.
After we heard the arguments in the instant case, the Supreme Court granted certiorari in the Clark case on March 23, 1981, and we stayed the present case pending the Supreme Court’s decision. The Supreme Court, in United States v. Clark, 454 U.S. 555 (1982), reversed, and accordingly we must dismiss plaintiff Libretto’s petition.
The Supreme Court held that "the statute and the accompanying regulations reveal a congressional intent to apply the two-step increase provision of §5334(b) only to promotions or transfers of employees already within the GS system.” United States v. Clark, supra, 454 U.S. at 561 (emphasis supplied). The Supreme Court obviously views the GS and WS systems as entirely separate. Id., 454 U.S. at 563-64. The rationale of the Supreme Court’s opinion in United States v. Clark controls this case. It therefore follows that section 5334(b) does not apply to movement between GS and WS in either direction.
it is therefore ordered that defendant’s motion for summary judgment is granted; plaintiffs cross-motion for summary judgment is denied; and the petition is dismissed.