Plaintiff has filed this petition for back pay for three promotions between the Wage System (WS) and the General Schedule (GS) system. It is based on our decision in Clark v. United States, 220 Ct. Cl. 278, 599 F.2d 411 (1979), which, unbeknownst to plaintiff who is proceeding pro se, was reversed by the Supreme Court in United States v. Clark, 454 U.S. 555 (1982). We must therefore dismiss the petition.
In August 1977 plaintiff was promoted from a WS position to a GS position. In November 1977 he was again promoted, from his GS position to a WS position. And in June 1979 plaintiff was promoted from the WS position to a new GS position. In each case he received either a small increase in his pay rate or new supervisory duties. Plaintiff claims entitlement to the two-step pay increase provided for by 5 U.S.C. § 5334(b) (1976) for promotion within the GS system.
The Supreme Court held in Clark that a promotion from WS to GS is not provided for by statute and therefore that section 5334(b) does not require the two-step pay increase. In Libretto v. United States, 230 Ct.Ct. 790 (1982), we held that the rationale of the Clark case also forecloses the application of section 5334(b) to GS to WS promotions.
Plaintiffs dismay that his promotions should go, as he sees it, unrewarded by significantly higher pay is explained by the independence of the two pay systems. The Supreme Court said in Clark:
The absence of any indication that Congress intended § 5334(b) to apply to promotions into the GS from the WS is hardly suprising, since the two systems have no *812 necessary or obvious relationship. First, because the WS involves an entirely separate pay structure based on prevailing rates in local wage areas, no necessary overlap occurs between WS and GS salaries. In fact, since WS rates vary by locale, an employee changing from a WS position to a GS position could receive a greater salary, a lesser salary, or the same salary as another employee making the identical change in another part of the country. Moreover, although by definition a change to a higher grade within the GS system involves a change to a position with greater responsibility (see 5 U.S.C. § 5102(a)(5)), no similar relationship necessarily exists between a WS grade and a GS grade. [Footnote omitted.] 454 U.S. at 564. And we said in Libretto (230 Ct.Cl. at790):
The Supreme Court obviously views the GS and WS systems as entirely separate. * * * It therefore follows that section 5334(b) does not apply to movement between GS and WS in either direction.
We must therefore agree with defendant that plaintiff has no legal entitlement to a two-step pay increase.
It is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.