BISSELL, Circuit Judge,
dissenting.
I am compelled to dissent. Although I sympathize with the taxpayer, the law in this case is clearly on the side of the Internal Revenue Service. I would affirm the decision of the Claims Court.
The facts are that Haber filed for an income tax refund for the 1970 and 1971 tax years. The IRS disallowed the claims. Haber’s accountant negotiated with the IRS, and requested further administrative consideration of the refund claims. The two-year statute of limitations expired. The IRS issued a second notice of disallowance. Within two years of the second notice, Haber filed suit in the United States Claims Court.
The only evidence of the negotiations between Haber and the IRS during the initial two-year period is a declaration of Haber’s accountant wherein he merely asserts that “auditors in Washington, D.C. and personnel in the Philadelphia IRS Service Center where foreign taxpayers file returns ... [led him] to believe that the notice, dated November 14, 1977, ... had been withdrawn and an extension granted so [he] could continue to pursue the matter on an administrative level.”
Section 6532 of the Internal Revenue Code of 1954 (26 U.S.C.) provides in part:
(a) Suits by taxpayers for refund
(1) General rule No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun ... after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
(2) Extension of time The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.
(4) Reconsideration after mailing of notice Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.
The legislative history of § 6532 and the cases interpreting this section clearly mandate that for Haber to prevail, some formal action of the Internal Revenue Service must have tolled the statute of limitations within two years of the first notice. If there was not such an act, Haber’s claim would have been barred when the two-year period ran in 1979. Once the limitations period begun by the first notice expired, the second notice in 1982 could not revive Haber’s claim.
I
Legislative History
Prior to the enactment of § 6532 in its present form, the Internal Revenue Code had not fixed with precision the exact date on which the two-year limitation period for filing a tax refund suit began, nor how such period might be extended. See United States v. Borg-Warner Corp., 108 F.2d 424, 426-27 (7th Cir.1939). For example, under certain circumstances, continued (or renewed) administrative consideration of a previously rejected claim was held to extend the limitation period after an initial disallowance. Compare United States v. Gutzler, 105 F.2d 188 (9th Cir.1939) (refund suit held timely); with B. Altman & Co. v. United States, 40 F.2d 781 (Ct.Cl.1930) (refund suit held untimely). The degree of formality necessary to demonstrate a “reconsideration on the merits” was also in doubt. First National Bank of Chicago v. United States, 102 F.2d 907, 915 (7th Cir.), cert. denied, 307 U.S. 641, 59 S.Ct. 1038, 83 L.Ed.2d 1521 (1939). The resulting uncertainty led to considerable litiga *1055 tion. See H.R.Rep. No. 2818, 74th Cong., 2d Sess. 11 (1936). As noted in the Senate Committee Report, Congress amended the Internal Revenue Code specifically to eliminate that uncertainty, and to provide a definite date when the limitation period on refund suits would begin to run:
Under the existing law, the exact date of disallowance is sometimes difficult of ascertainment with the consequent uncertainty in such cases as to when the statute of limitations on suits begins to run____ Your committee is of the opinion that the best interests of all parties concerned will be served by an amendment which makes the date of disallowance of the claim absolutely certain in every case and which specifies but one limitation period after that date. Accordingly, the bill requires the mailing of a notice of disallowance by registered mail, and the bringing of a suit or proceeding within two years from the date of such mailing.
S.Rep. No. 665, 72nd Cong., 1st Sess. 57 (1932).
II
Formal Action
Once the limitation period on seeking a tax refund has expired, it cannot be revived. Tolerton & Warfield Co. v. United States, 285 F.2d 124, 124-25 (Ct.Cl.1961). The second notice in this case, mailed almost three years after the expiration of the statute of limitations, could not revive the expired limitation. Under these circumstances, Haber could only prevail if the first notice was defective such that it never became operative, Beardsley v. United States, 126 F.Supp. 775, 777 (D.Conn.1954), or if some formal act of the Internal Revenue Service tolled the statute of limitations within two years of the first notice. Southeast Bank of Orlando v. United States, 676 F.2d 660, 663-64, 230 Ct.Cl. 277 (1982); Miller v. United States, 500 F.2d 1007, 1010 (2d Cir.1974). Here there is no evidence that the first notice was invalid. Neither did the second notice issue until after the limitations period triggered by the first notice had expired. The government’s concession that the Internal Revenue Service could orally withdraw a notice of disallowance is insufficient standing alone to make the first notice “defective,” or to toll the statute.
Ill
Conclusion
The single averment on the part of Haber’s representative that he was led “to believe that the notice ... had been withdrawn and that an extension had been granted” so that he “could continue to pursue the matter on an administrative level” falls far short of the evidence necessary to give rise to any inference of formal action on the part of the Internal Revenue Service. To conclude otherwise would have the effect of overcoming (1) the plain words of the statute; (2) the principle that the statute of limitations on tax actions must be narrowly construed, United States v. Michel, 282 U.S. 656, 658-60, 51 S.Ct. 284, 285, 75 L.Ed. 598 (1931); and (3) the principle that there can be no revival of a limitation period for an expired tax refund, To-lerton, 285 F.2d at 124-25. Such a conclusion would amount to estopping the government from asserting the statute of limitations. On these facts, however, there is insufficient evidence to support such a holding.
The majority opinion turns back the clock to 1936. The law on the limitations period for disallowed tax claims as it then existed is reflected in a 1936 House Report discussing a predecessor of § 6532:
Under existing court decisions, there is so much uncertainty as to what constitutes reconsideration of a claim, that the Bureau of Internal Revenue is reluctant to take action with respect to a claim after it has once been disallowed, because of the fear that the case may be reopened indefinitely and thus result in further administrative expense with respect to such claim. It is felt that when the Bureau answers letters of inquiry and extends to taxpayers the courtesy of investigating into closed files, it should not be compelled to do so *1056 at the risk of indefinitely prolonging the period of limitations.
H.Rep. No. 2818, 74th Cong., 2d Sess. 11 (1936) (emphasis added), quoted in Southeast Bank, 676 F.2d at 664 n. 10.
For the foregoing reasons, I would affirm the judgment of the Claims Court.