Maurice R. RADIN

v.

UNITED STATES of America.

Civ. No. N–88–130 (PCD).

United States District Court,
D. Connecticut.

Dec. 19, 1988.

John G. Manning, Waterbury, Conn., for plaintiff.

Mary E. Keane, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

### I. Background

Plaintiff claims a credit of $17,361.01 on his 1981 tax return, which he requested be applied to his 1982 estimated tax. This credit was denied by the Internal Revenue Service ("IRS") on the ground that the credit claim (in the form of his 1981 tax return) was filed more than three years after the tax was paid and thus after the time allowed by statute for claiming a credit or refund.

Plaintiff's 1980 tax return contained a net overpayment of $16,249.43, which plaintiff elected to have applied to his 1981 estimated tax. However, plaintiff failed to file his 1981 tax return when due because of a dispute with the IRS about his 1979 return. The 1981 return was not filed until May 22, 1985. This return recited excess withholdings (above his tax liability) for 1981 of $1,111.58. Adding this sum to the $16,249.43 credit claimed from 1980 resulted in a total overpayment of $17,361.01. Plaintiff elected to apply this amount to his 1982 estimated tax.

The IRS denied plaintiff's election to credit this amount toward his 1982 taxes, stating that the amount could not be credited or refunded since more than three years had elapsed between the time the taxes were considered paid (April 15, 1982) and the time the credit was sought (May 22, 1985). The taxpayer sued,[1] claiming that (1) letters and other correspondence with the IRS in 1983 and 1984, before the three-year time limit had run out, constituted an informal written claim for the $17,361.01

---

1. The taxpayer received the IRS notice of disallowance of his claim on September 18, 1985. This notice indicated that the taxpayer had two years to challenge the disallowance in court. The taxpayer waited until March 18, 1988, to file suit, however, exactly two and a half years after receiving the notice. Consequently, this action would ordinarily be time barred by Section 6532 of the Internal Revenue Code, 26 U.S.C. § 6532 (1982).

The government has not formally addressed this issue, since counsel for plaintiff has represented that the District Director of the IRS agreed to extend the statute of limitations. The government has reserved its right to argue this issue should satisfactory proof of such an extension not be forthcoming. This memorandum does not purport to decide whether a valid extension was granted.

overpayment; and (2) a record of accounts for 1981 provided by the IRS constituted a statement of the $16,249.43 overpayment as shown on his 1980 return.

## II. Motion to Dismiss

The government has moved to dismiss,[2] arguing that no informal claim for a refund was made and that no account stated was created. In ruling on this motion, "the factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff." *Frazier v. Coghlin*, 850 F.2d 129, 129 (2d Cir.1988), citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). This motion must be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### A. *Informal Claim*

■ Plaintiff's argument that correspondence with the IRS in 1983 and 1984 constituted an informal claim for a credit or refund is not without merit. Plaintiff concedes that his taxes for 1981 were considered paid on April 15, 1982.[3] Plaintiff further concedes that any claim for a credit or refund was required to be made "within 3 years from the time *the return was filed*," 26 U.S.C. § 6511(a) (1982) (emphasis added), and that "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." *Id.*, § 6511(b)(2)(A).

Plaintiff's 1981 return was filed on May 22, 1985, and may properly be considered a claim for credit or refund. Treas.Reg. § 301.6502–3(a)(5) (1981). Therefore, plaintiff's claim for credit was timely under § 6511(a), as it was filed simultaneously with the return. *See King v. United States*, 495 F.Supp. 334, 336 (D.Neb.1980).

The real issue is the *amount* of credit or refund allowable under the Code. Section 6511(b)(2)(A) limits any credit or refund to the tax paid within the three years immediately preceding the filing of the claim. *Allstate Ins. Co. v. United States*, 550 F.2d 629, 636, 213 Ct.Cl. 96 (1977). The government contends, and plaintiff concedes, that plaintiff paid *no* taxes in the three years prior to the filing of his 1981 return on May 25, 1985, and, therefore he can recover no credit or refund *as a result of that filing*. Plaintiff counters that correspondence with the IRS in 1983 and 1984 constituted an informal claim entitling him to a credit for his 1981 overpayments, which were made within three years of such informal claims.

■ Ordinarily, letters do not qualify as a claim for refund or credit.[4] *Maas & Waldstein Co. v. United States*, 283 U.S. 583, 51 S.Ct. 606, 75 L.Ed. 1285 (1931). However, letters have been held to constitute informal refund claims, tolling the statute of limitations, where the letter "put the Commissioner on notice that a right [was] being asserted with respect to an overpayment of tax." *Newton v. United States*, 163 F.Supp. 614, 618, 143 Ct.Cl. 293 (1958). The Supreme Court has

often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal

---

2. Although the government's motion does not state the technical grounds for dismissal, the motion will be treated as made pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

3. *See* 26 U.S.C. §§ 6513(b)(1)—(2) (1982) (any amount deducted, withheld or paid as estimated income tax is deemed to have been paid on the last day allowable for filing the return for that year).

4. Treasury Reg. § 301.6402–2(b)(1) (1977) requires that a "claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury."

requirements of the statute and regulations, will nevertheless be treated as a claim, where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period. *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62 [53 S.Ct. 278, 77 L.Ed. 619]; *United States v. Factors & Finance Co.*, 288 U.S. 89 [53 S.Ct. 287, 77 L.Ed. 633]; *Bemis Bro. Bag. Co. v. United States*, 289 U.S. 28 [53 S.Ct. 454, 77 L.Ed. 1011]; *[George] Moore Ice Cream Co. v. Rose*, 289 U.S. 373, 384 [53 S.Ct. 620, 624, 77 L.Ed. 1265]. This is especially the case where such a claim has not misled the Commissioner and he has accepted and treated it as such. *Bonwit Teller & Co. v. United States*, 283 U.S. 258 [51 S.Ct. 395, 75 L.Ed. 1018]; *United States v. Memphis Cotton Oil Co., supra,* [288 U.S. at] 70 [53 S.Ct. at 281]. *United States v. Kales*, 314 U.S. 186, 195, 62 S.Ct. 214, 218, 86 L.Ed. 132 (1941). "The important common factor in the ... cases upholding an informal claim seems to be that the Commissioner was fully apprised of the taxpayer's intention to subsequently file." Merten's Law of Fed. Income Tax, § 58.20, at 65 (1984) (footnotes omitted). "No hard and fast rules can be applied because it is a combination of facts and circumstances which must ultimately determine whether or not an informal claim constituting notice to the Commissioner has been made." *Newton*, 163 F.Supp. at 619.

■ The necessity of assessing the sufficiency of plaintiff's letters as an informal claim preclude, at this time, dismissal of the complaint. Plaintiff may be able to prove that his letters put the Commissioner on notice and he must be allowed an opportunity to present his case. At this threshold, the question is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 419 U.S. at 236, 94 S.Ct. at 1686. Therefore, defendant's motion to dismiss is denied.

**B.** *Account Stated*

■ Judgment will be reserved on whether the correspondence between the parties created an account stated, entitling plaintiff to a credit or refund of his overpayments. Factual assertions, which plaintiff has a right to try to prove, are similarly present on that issue. Plaintiff may be able to demonstrate an implied promise to pay on the part of the government, *Tolerton & Warfield Co. v. United States*, 285 F.2d 124, 152 Ct.Cl. 402 (1961), and a "reckoning between the parties, with an acknowledgment of a specific amount of liability on a basis of mutual agreement." *Hoon Kwan Young v. United States*, 110 F.Supp. 237 (D.Haw.1953). Therefore, the government's motion to dismiss must be denied on that ground as well.

**III.** Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied.

SO ORDERED.